LOMICKA, APPELLANT, *v.* LEACH, ADMR., BUREAU OF
UNEMPLOYMENT COMPENSATION, APPELLEE.

(No. 38887—Decided June 16, 1965.)

*Mr. Lawrence J. Damore,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Tony
Kidd,* for appellee.

*Per Curiam.* In *American Life & Accident Co. of Kentucky*
v. *Jones, Admr.,* 152 Ohio St. 287, 292, Judge Stewart, observing

that there was no real dispute as to the facts, concluded:

"* * * It seems to us that there could not be a clearer example of what employees were meant to be excepted from the Unemployment Compensation Act than the agents in the instant case."

The facts there and here differ in only slight respects.

Lomicka is paid a commission, computed at 30% of the proceeds of all sales produced by his office, out of which he must pay all office expenses. He pays individual salesmen a flat fee of 27% of the amount he receives for each sale, which is their sole compensation for making the sale, and pays sales managers a flat fee of 24% of the amount he receives, which is their sole compensation for confirming the sale.

There is evidence that sales meetings are held and that territories are assigned salesmen and sales managers. However, the evidence shows also that attendance at sales meetings is voluntary, and nonattendance is not penalized; that the purpose of assigning territory is to eliminate duplication of sales effort, with neither salesmen nor sales managers being restricted to assigned areas; and that Lomicka exercises no control over either salesmen or sales managers as to the number of hours or the manner in which they perform their work.

It is clear that the fee received by the individual salesmen and sales managers involved herein is a commission within the meaning of Section 4141.01 (B) (2) (g), Revised Code; and that such remuneration is "wholly dependent on the amount of effort" each chooses to expend.

Altogether, we conclude that Judge Stewart's opinion and the court's judgment in *American Life & Accident Co.* v. *Jones, Admr.*, *supra*, are dispositive, and that this, too, is a clear case in which the employees for whom contribution has been ordered by the administrator were meant to be excepted from the requirement of the act.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.