HOWLAND REALTY CO., APPELLEE, *v.* WOLCOTT ET AL., APPELLANTS.

(No. 3077—Decided December 30, 1982.)

Mr. *Thomas C. B. Letson,* for appellee.

Mr. *Fred C. Zimmer,* for appellants.

HOFSTETTER, P.J. Plaintiff-appellee, Howland Realty Company, is the owner of undeveloped lots located in Howland Township in Venice Heights, Plats 17, 18, and 19. On April 15, 1981, appellee re-platted Venice Heights Plat 19 with land from adjacent lots to meet the minimum area requirements of Howland zoning. with respect to duplex construction in Plat 19. In response to this action by appellee, the owners of single-family units in the area made application for a zoning change pursuant to R.C. 519.12 to modify zoning to single-family residential use only in Venice Heights Plats 17, 18, and 19.

After the hearings before the zoning commission and trustees were completed, the board of township trustees amended the zoning ordinance applicable to the land included in the Venice Heights plats. This amendment prohibited construction of duplex housing units in the area of the three plats formerly zoned for single and duplex residences.

Appellee brought an action in the court of common pleas seeking declaratory judgment and equitable relief. The trial court found the amended zoning regulation passed by the Howland trustees was unconstitutional. This appeal followed, and the appellants assigned two errors as follows:

"1. The trial court erred by failing to dismiss appellee's 'complaint and application for declaratory and other equitable relief.'

"2. The trial court erred by declaring the amendment to the township zoning resolution to be unconstitutional and contrary to law."

Appellants' first assignment of error is without merit.

The appellants present two basic contentions in this assignment of error: (1) that R.C. 519.12 sets up a special statutory proceeding, *i.e.,* a referendum, and that this proceeding cannot be bypassed by application of Civ. R. 57; and (2) that the referendum prescribed by R.C. 519.12 is analogous to an administrative remedy and, as such, the failure of the appellee to exhaust this remedy precludes relief by declaratory judgment.

Civ. R. 57 states, in pertinent part:

"The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

In reading R.C. 519.12, it is apparent that the presentment of a petition for referendum concerning the action of the board of trustees is not necessarily a condition precedent to the modification or amendment of a zoning ordinance. If no petition for referendum is sought, the legislative action of the trustees becomes the zoning law of the township until challenged in court. The statute clearly does not impose a duty on the appellee herein to seek a referendum.

We must bear in mind the manner in which the instant zoning amendment occurred. The inception of the amendment was by an alleged committee described as "The People of the Plats 17, 18, and 19" directed to the Howland Township Zoning Commission. Thus the initiators of the amendment presumably were qualified to do so.

The zoning commission, after hearings, and upon consideration also of the

Trumbull County Planning Commission's recommendation against the amendment, advised the township trustees, pursuant to statute, against the adoption of the proposed change.

The trustees, after hearings, unanimously overturned the zoning commission's recommendation. Following action of that type, the trustees' legislation becomes law within thirty days *unless*, within said thirty days, there is presented to the board of township trustees a petition for referendum signed by registered electors equal in number to eight percent of the votes cast for Governor in the last preceding general election at which a Governor was elected. There is, in our opinion, *no requirement for a referendum* in order that the trustees' action become law. Further, as may be the case here, there could be an insufficient number of electors residing in the unincorporated area of the township included in the zoning plans, even though they be substantial owners of land therein, to enable them to obtain a petition with the necessary number of signatures.

In the instant case, the petitioners prevailed by the action of the board of trustees in adopting the amendment. Thus, the organized proponents had nothing further to do. The unorganized opponents, conceivably as absentee landowners, and not as registered voters, had no reasonable alternative to protect their rights except by legal action. From a practical standpoint, the "special statutory procedure" of referendum under the instant facts does not fall within the doctrine of "failure to exhaust available administrative remedies," as *referendum is not an administrative remedy*.

*Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263 [71 O.O.2d 247], relied on so strongly by the appellants, is not factually applicable in the instant situation. The Austintown Township zoning ordinance did provide a variance procedure which could have afforded the appellant the relief it sought. It proceeded under declaratory judgment, and the timely defense of failure to exhaust available administrative remedies was not raised. In the instant case we do have a timely assertion of the affirmative defense, but, nonetheless in a matter that is not the subject of an administrative appeal under R.C. Chapter 2506 as alluded to in *Driscoll, supra.*

R.C. 2506.01 must be read very closely. The third paragraph thereof says:

"A 'final order, adjudication, or decision' [which may be appealed to the court of common pleas] *does not* include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; * * *." (Emphasis added.)

Conversely then, a final order capable of appeal to the court of common pleas can only be one where *no appeal* to a higher administrative authority is granted and *no* right to hearing is provided.

The action of referendum is not an appeal because it is neither conducted by a higher administrative authority, nor is it subject to a right of hearing thereon. Thus, in our opinion, and not inconsistent with *Driscoll, supra,* there being no appeal available to a higher administrative authority and no right to hearing, the adoption of the amended zoning ordinance constituted a final order capable of review in the court of common pleas in an action for declaratory judgment without the requirement of submitting to a referendum.

In another vein, it would be incongruous to suggest that the appellee's only relief other than declaratory judgment would be for it to file applications with the zoning inspector for construction of duplexes. His obligation under the law would be to reject the applications. Upon appeal of the rejection to the board of zoning appeals, that board would be without statutory authority to grant a variance to duplex use in an area zoned for single-

family residences under any of the present statutory reasons for variance. Therefore upon denial of the variances, the matter on appeal would have to go to the court of common pleas to raise the constitutional question now at issue in the appellee's complaint for declaratory judgment. That procedural route would be, as noted in paragraph four of the syllabus in *Driscoll,* both onerous and unusually expensive. Both *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265 [50 O.O.2d 491], and *Kaufman* v. *Newburgh Heights* (1971), 26 Ohio St. 2d 217 [55 O.O.2d 462], as cited by the appellee, stand for the same proposition of law noted in *Driscoll.*

For the reasons indicated, Assignment of Error No. 1 is not well-taken.

Appellants' second assignment of error is also without merit.

This assignment is one relating to the factual-evidentiary basis for the trial court's finding that the amended zoning ordinance was unconstitutional.

The trial court found, and clearly stated, that the zoning amendment is "arbitrary, unreasonable, capricious, unconstitutional and not in accordance with any comprehensive plan nor is there any evidence of a concomitant benefit to the public which would require such single-family restriction * * *."

The court further found, from the stipulations and evidence, that two-family or duplex dwellings had been permitted in this area for over twenty years. It also found that the plaintiff owns the only undeveloped land in Plats 17, 18, and 19, and said land is the only land in the township now restricted, or ever restricted, to single-family dwellings only.

The significance of the nonexistence of a modified comprehensive plan to support the amendment was emphasized by the zoning commission's refusal to recommend the zoning change.

Although not raised in the briefs, and applicable, however, only to Plat 19, substantial effort was made by the appellee to conform the lot sizes thereof with prior existing zoning to enable construction of duplex type homes.

Thus, even though the trial court found the amended zoning ordinance unconstitutional, the effort to bring the lot sizes into conformity with the prior lot size requirements of the former zoning may well have been sufficient part performance to qualify the appellee for permits for construction of duplex homes to the same extent as on those lots on which actual house construction had begun.

Based on the above, we find the record adequately and effectively supports the lower court's order.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK and DAHLING, JJ., concur.