THE STATE, EX REL. WATKINS, APPELLANT, *v.* TEATER, DIR., ET AL., APPELLEES.

(No. 1864—Decided September 1, 1983.)

*Mr. Richard D. Dickey,* for appellant.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Eleanor J. Tschugunov,* for appellees.

MAHONEY, J. Plaintiff-appellant, J. Michael Watkins, appeals a trial court order granting summary judgment in favor of defendants-appellees, Myrl H. Shoemaker, Director of the Ohio Department of Natural Resources, and Richard P. Francis, Chief of the Division of Wildlife. We reverse and remand.

Plaintiff filed a complaint requesting declaratory judgment and injunctive relief against Robert W. Teater, the former Director of the Ohio Department of Natural Resources, and Steven H. Cole, the former Chief of the Division of Wildlife. (Teater and Cole were later succeeded by Shoemaker and Francis.) The complaint asked the court to hold that a regulation promulgated by the defendants limiting the crow hunting season is invalid and to enjoin the defendants from enforcing said regulation.

Both parties moved for summary judgment. Defendants' motion was granted, and the complaint was dismissed. The trial court held that the lawsuit was barred by the doctrine of sovereign immunity, that plaintiff lacked standing to bring the suit and that plaintiff had failed to show he will suffer irreparable harm. The court did not reach the merits of plaintiff's complaint.

Assignments of Error

"1. The trial court erred in ruling that the lawsuit of the plaintiff-relator is barred by the doctrine of sovereign immunity.

"2. The trial court erred in ruling that the plaintiff-relator has no standing to bring a taxpayers' suit.

"3. The trial court erred in ruling that the plaintiff-relator has failed to show that plaintiff-relator will suffer irreparable harm personal to himself which in effect improperly required plaintiff-relator to show such irreparable harm personal to himself only in order to prosecute his claim in this action.

"4. The trial court committed prejudicial error in granting the summary judgment motion of the defendants-respondents, which amounted to a simple dismissal of plaintiff-relator's complaint, without indication in its judgment entry whether or not a justiciable issue had been made, requiring a declaration of rights."

At the outset we note that plaintiff has failed to argue the issue of sovereign immunity in his brief. Thus, App. R. 12(A) permits this court to disregard the first assignment of error. However, due to the importance of the issue involved, we prefer to reach the merits.

In *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93 [63 O.O.2d 149], at paragraph one of the syllabus, the Supreme Court held:

"An action for a declaratory judgment to determine the validity of an ad-

ministrative agency regulation may be entertained by a court, in the exercise of its sound discretion, where the action is within the spirit of the Declaratory Judgment Act, a justiciable controversy exists between adverse parties, and speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost. (Paragraph two of the syllabus in *American Life & Accident Ins. Co.* v. *Jones,* 152 Ohio St. 287 [40 O.O. 326], followed.)"

See, also, *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301 [75 O.O.2d 358]; and *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128 [73 O.O.2d 442].

Defendants contend that *Brownfield* v. *State* (1980), 63 Ohio St. 2d 282 [17 O.O.3d 181], impliedly overruled *Burger Brewing.* We do not agree. In *Brownfield* plaintiff property owners asked for a declaratory judgment against the state of Ohio and Western Reserve Human Services, Inc. concerning a halfway house owned by the state and operated by Western Reserve in plaintiffs' neighborhood. The *Brownfield* court held that the doctrine of sovereign immunity barred a suit in common pleas court against the state as a named party concerning the state's alleged violation of a municipal zoning ordinance. We believe that *Brownfield* is distinguishable from *Burger Brewing* and its progeny which involve declaratory judgment actions against individual officials concerning the validity of an administrative agency regulation.

Further, the *Burger Brewing* holding was followed by the Supreme Court in *Sterling Drug* v. *Wickham* (1980), 63 Ohio St. 2d 16, 18 [17 O.O.3d 10], where the court stated:

"In *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93 [63 O.O.2d 149], this court held that preenforcement *review* of an agency rule under now repealed R.C. 119.11 was precluded, but that the validity of the rule could properly be adjudicated by a court, in the exercise of its sound discretion,

under the Declaratory Judgment Act if a justiciable controversy existed between adverse parties and speedy relief was necessary to the preservation of rights which might otherwise be impaired or lost." (Emphasis *sic*; footnote omitted.)

*Sterling Drug* v. *Wickham, supra,* was decided just twenty-eight days before the decision reached in *Brownfield* v. *State, supra.* Since plaintiff's action for declaratory judgment was brought against individual administrators and seeks to determine the validity of an administrative agency regulation, the doctrine of sovereign immunity is not a bar to his action.

However, it has been long- and well-established that judicial tribunals will only decide actual controversies between parties legitimately affected by specific facts. Courts must refrain from giving opinions on abstract propositions and cannot advise upon potential controversies. *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 14 [51 O.O.2d 35]. Thus, before the trial court can reach the merits of his claim, plaintiff, on remand, must demonstrate that a justiciable controversy exists between adverse parties and also that speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost.

Plaintiff is not required to violate the regulation to show that a real controversy exists. However, he must introduce evidence of a dispute "* * * 'between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' * * *" *Peltz* v. *South Euclid* (1967), 11 Ohio St. 2d 128, at 131 [40 O.O.2d 129].

"To aid in the determination whether a controversy 'is justiciable in character' or there is the 'ripeness' necessary for review, United States Supreme Court Justice Harlan, in *Toilet Goods Assn.* v. *Gardner* (1967), 387 U.S. 158, 162, developed a two-fold test:

" '* * * first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess

the hardship to the parties if judicial relief is denied at that stage.' See also Justice Frankfurter's concurring opinion in *Joint Anti-Fascist Refugee Committee* v. *McGrath* (1951), 341 U.S. 123, 156; and Jaffe, Ripeness and Reviewable Orders in Administrative Law, 61 Mich. L. Rev. 1273, 1296 (1963)." *Burger Brewing Co.* v. *Liquor Control Comm., supra* (34 Ohio St. 2d), at 97.

It is important to note that plaintiff's cause of action was dismissed on the defendants' motion for summary judgment. Civ. R. 56(C) provides in part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *"

While both parties have briefed issues of law, neither party has submitted evidence outside the pleadings. Nevertheless, defendants claim that plaintiff has not submitted evidence to show that enforcement of the regulation will result in irreparable harm. However, plaintiff is not required to present a prima facie case in order to withstand a motion for summary judgment. See *Mason* v. *Roberts* (1971), 35 Ohio App. 2d 29, 40 [64 O.O.2d 160]; and *Bowlds* v. *Smith* (1961), 114 Ohio App. 21 [18 O.O.2d 305].

Civ. R. 56(E) states in part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Defendants have not supported their motion for summary judgment with evidence affirmatively showing either that plaintiff will not be irreparably harmed or that no justiciable controversy exists. Indeed, since no evidence at all has been submitted, defendants' motion is, in effect, a request for dismissal pursuant to Civ. R. 12(B)(6). While plaintiff has not specifically pleaded the three threshold elements required by *Burger Brewing*, his complaint alleges that, unless the regulation authorizing a limited crow hunting season is set aside, he will suffer irreparable harm. A liberal reading of the complaint indicates that plaintiff has stated a cause of action for which, if supported by the evidence adduced at trial, relief can be granted. Thus, the trial court erred by granting defendants' motion and dismissing the complaint.

Plaintiff-appellant's assignments of error are well-taken. The judgment is reversed, and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

QUILLIN, P.J., and GEORGE, J., concur.