GAMIERE, Appellant,

v.

BURTON TOWNSHIP TRUSTEES et al., Appellees.

[Cite as *Gamiere v. Burton Twp. Trustees* (1996), 113 Ohio App.3d 146.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 95–G–1953.

Decided July 29, 1996.

*Louis A. Turi, Jr.,* for appellant.

*Hackenberg & Collins* and *James I. Hackenberg,* for appellees.

FORD, Presiding Judge.

This is an appeal from a judgment of the Geauga County Court of Common Pleas that granted summary judgment in favor of appellees, the Burton Township Trustees, and the trustees, Kit Luoma, Daniel Whiting and Robert Himmeline, on claims filed by appellant, Dorothy S. Gamiere.

On June 5, 1995, an amendment to the Burton Township Zoning Resolution was passed by appellees, changing the zoning for land owned by appellant from R–4 to R–1, thus reducing the population density permitted on that property.

On July 3, 1995, appellant timely filed a petition for a township zoning referendum initiative to place this zoning resolution amendment on the November 7, 1995 ballot pursuant to R.C. 519.12(H). This petition resulted in the issue being placed on the ballot for voter determination.

Appellant also filed the present action for injunctive relief and for damages for violation of her constitutional due process rights, and for detrimental reliance on the prior zoning classification on July 3, 1995.

On September 25, 1995, appellees filed a motion for summary judgment, asserting that there was no justiciable issue at that juncture because the zoning

resolution in question was not yet in full force and effect, as evidenced by the pending election. Appellees noted that if the initiative passed, appellant's action would then present a justiciable issue, and would be suitable for litigation. Appellant timely opposed this motion.

Appellees' motion for summary judgment was granted on October 20, 1995. From this order, appellant now appeals raising the following as error:

"1. The trial court erred in granting final judgment to [appellees] on [their] motion for summary judgment when [appellees] failed to provide supporting evidence.

"2. The trial court erred in granting summary judgment where [appellant] alleged conspiracy in her complaint and provided further evidence of conspiratorial conduct raising question [*sic*] of motive and intent.

"3. The trial court erred in granting summary judgment on all counts of [appellant's] complaint where material issues of material fact exist.

"4. The trial court erred in granting summary judgment on motion for summary judgment, when in the accompanying decision, the trial court determined no cause of action was viable due to the unexhausted remedy of referendum vote."

As these assignments are interrelated, they will be addressed in a consolidated fashion.

■ In this case, appellees filed a motion for summary judgment stating that they were entitled to summary judgment as a matter of law because there was no justiciable issue or controversy at issue for trial because the zoning ordinance amendment was not yet in effect and, in fact, would not go into effect unless it passed voter scrutiny in the November 1995 referendum. In support of this motion, appellees submitted evidence that the ordinance was not yet in effect, and that it could not become binding until, and only if, the electorate voted in favor of the change.[1] In ruling, the trial court opined that:

"In regard to the substantive issues raised by [appellant], simply stated, [appellant] is wrong. Because of the filing of a petition for zoning referendum and a certification of that petition to the Board of Elections, the zoning amendment of which [appellant] complains is not effective unless a majority of the vote cast on the issue is in favor of the amendment. Upon certification of such a vote, the amendment would then take immediate effect. However, until that time, the amendment does not regulate, restrict, or affect [appellant's] real property. At

---

1. A review of the record indicates that this ballot initiative was passed by the voters in November 1995.

best, [appellant] is seeking an advisory opinion, an action which this Court is not inclined nor allowed to undertake."

R.C. 519.12(H) provides:

"Such [zoning] amendment adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment there is presented to the board of township trustees a petition * * * requesting the board of township trustees to submit the amendment to the electors of such area for approval or rejection at a special election to be held on the day of the next primary or general election * * *.

" * * *

"No amendment for which such referendum vote has been requested shall be put into effect unless a majority of the vote cast on the issue is in favor of the amendment. Upon certification by the board of elections that the amendment has been approved by the voters it shall take immediate effect."

In this case, appellant availed herself of an appropriate remedy to resist the proposed zoning regulation change when she gathered the requisite number of signatures on her petition, resulting in the issue being placed on the November 1995 ballot for voter determination. Pursuant to R.C. 519.12(H), the amendment was not in effect and would never come into effect until the voters approved it. Accordingly, the trial court was correct when it determined that this case did not *yet* present a justiciable issue, at least until such time as the voters approved the proposed amendment. Following the election results in favor of the amendment, appellant became free to file suit regarding this issue because she now would be challenging an *actual* and *operative* zoning regulation.

The decision by this court in *Howland Realty Co. v. Wolcott* (1982), 8 Ohio App.3d 424, 8 OBR 548, 457 N.E.2d 883, does not change the result in this case. *Wolcott* held that not bringing a referendum was not a failure to exhaust administrative remedies, as "[t]he statute [R.C. 519.12] clearly does not impose a duty on the appellee herein to seek a referendum." *Id.* at 425, 8 OBR at 549, 457 N.E.2d at 885. In this case, unlike the situation in *Wolcott,* appellant chose to avail herself of the referendum initiative option, thus preventing the zoning amendment from becoming operative. Thus, appellant was obligated by her choice of action to wait for the election results to be approved and certified, at which point the amendment would go into full force and effect, before she filed the instant action.

■ Appellant places great concern on the effect that the summary judgment ruling will have on a subsequent filing on these issues. Specifically, appellant is concerned that because the judgment was pursuant to a Civ.R. 56 motion, the doctrine of *res judicata* would preclude refiling this matter, while a simple motion to dismiss would not similarly bar a subsequent filing at such time as the case is

actually ripe for litigation. We would direct appellant to review Civ.R. 12(B), which states:

" * * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in [Civ.R.] 56."

Because appellees presented "matters outside the pleading" in their motion, they appropriately styled it as a motion for summary judgment, thus giving notice to appellant of her obligations in the summary judgment exercise. Even a motion filed pursuant to Civ.R. 12(B) will be considered a Civ.R. 56 motion for summary judgment when consideration of it presents materials beyond the pleadings. The fact that this case was terminated pursuant to Civ.R. 56 will have no effect on appellant's future filing of an action on these issues, as this case was concluded for premature filing only, and there were no determinations on the merits of appellant's constitutional or detrimental reliance claims. We hold that once the issue presented a justiciable issue following the election certification, appellant was and remains free to file suit within the prescribed time limits.

Accordingly, appellant's assignments of error are without merit. The judgment of the Geauga County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CHRISTLEY and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.