**MILLIRON WASTE MANAGEMENT, INC., Appellant,**

**v.**

**VILLAGE OF CRESTLINE, Appellee.**

[Cite as *Milliron Waste Mgmt., Inc. v. Crestline* (1999), 135 Ohio App.3d 15.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3-99-17.

Decided Sept. 24, 1999.

---

*Weldon, Huston & Keysor* and *John Allen Holmes,* for appellant.

*Shipman, Dixon & Livingston Co.* and *W. McGregor Dixon, Jr.,* for appellee.

---

SHAW, Judge.

In this action for a declaratory judgment determining the constitutionality of a municipal ordinance, plaintiff-appellant, Milliron Waste Management, Inc., appeals the May 5, 1999 order of the Common Pleas Court of Crawford County dismissing its complaint.

Defendant-appellee, the village of Crestline, is an Ohio municipal corporation. Plaintiff is an Ohio corporation engaged in trash collection. In May 1997, plaintiff sought a permit to expand its business into Crestline, but was informed

that Chapter 721 of the Crestline Municipal Code authorized only three refuse permits and that all permits had already been issued.

Section 721.02(a) of the Crestline Municipal Code provides:

"The Village Administrator is hereby authorized to issue permits as required by Section 721.01 on the following conditions. * * * In order to protect residents from the inherent damages from excess competition, *not more than three such permits shall be in existence at one time.*" (Emphasis added.)

In response, the plaintiff requested the names and addresses of the present permit holders. On May 22, 1997, the village solicitor wrote plaintiff a letter naming the three permit holders as Louis Kurtzman, Brian Kurtzman, and Steve Kurtzman.

On April 6, 1998, plaintiff filed a complaint for declaratory judgment which alleged that Section 721.02(a) of the Crestline Municipal Code is unconstitutional. According to the complaint, the section "arbitrarily and unreasonably" limits the number of trash collection permits in the village. On November 20, 1998, plaintiff filed an amended complaint, which further alleged that all three permit holders share a common address, that, of the three, only Louis Kurtzman owned any sanitation trucks, and that the three permit holders were in fact a single business enterprise. Plaintiff argued that the municipal code section limiting the number of permits was unconstitutional under the Interstate Commerce Clause of the United States Constitution and the Equal Protection Clauses of the United States and Ohio Constitutions. Plaintiff also argued that the section was selectively enforced. On December 7, 1998, Crestline filed an answer, in which it denied most of plaintiff's allegations and argued, *inter alia,* that plaintiff was precluded from bringing the action because it had failed to exhaust administrative remedies. On February 19, 1999, Crestline filed a motion to dismiss based upon Civ.R. 12(B)(6),[1] arguing that plaintiff had failed to state a claim upon which relief could be granted.

On May 5, 1999, the trial court issued a judgment entry and determined that plaintiff's three claims were proper under Civ.R. 12(B)(6). However, the trial court went on to dismiss the complaint "because the plaintiff has not exhausted its administrative remedies," citing Section 721.05 of the Crestline Municipal Code, which provides:

"Final authority for issuing permits lies with the [Crestline Village] Council and *any applicant refused a permit may apply directly to Council for such*

---

1. Although defendant's motion is captioned as a "Motion for Summary Judgment," the trial court converted it to a motion to dismiss because the defendant failed to support the motion with any evidence outside the pleadings. See, *e.g., State ex rel. Watkins v. Teater* (1983), 11 Ohio App.3d 103, 106, 11 OBR 156, 159–160, 463 N.E.2d 407, 410.

*permits,* provided he has first complied with all procedural steps necessary for obtaining a permit from the Village Administrator." (Emphasis added.)

The trial court determined that Section 721.05 required plaintiff to appeal the village administrator's decision denying the permit to the Crestline Village Council and that plaintiff had failed to do so.[2] Plaintiff now asserts one assignment of error:

"The trial court erred by dismissing the plaintiff-appellant's complaint on the grounds of failure to exhaust administrative remedies."

 The trial court concluded that because plaintiff had failed to "apply directly to [the Crestline Village] Council" for a permit, it had failed to exhaust its administrative remedies prior to filing its declaratory judgment action. We disagree for several reasons. First, Supreme Court case law is clear that exhaustion of administrative remedies is not a necessary prerequisite to an action challenging the constitutionality of a statute, ordinance, or administrative rule. *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 460, 674 N.E.2d 1388, 1391, citing *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 149, 586 N.E.2d 80, 82–83 (court of appeals' opinion incorporated in Supreme Court's opinion), and *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395, paragraph two of the syllabus. Administrative bodies lack authority to interpret the Constitution, and the Supreme Court has generally held that "requiring litigants to assert constitutional arguments administratively would be a waste of time and effort for all involved." *Jones,* 77 Ohio St.3d at 460–461, 674 N.E.2d at 1391.

While we are aware that courts must avoid unnecessarily addressing constitutional issues, see, *e.g., Driscoll,* 42 Ohio St.2d at 274, 71 O.O.2d at 253, 328 N.E.2d at 403, in this case the constitutional question cannot be avoided by the assertion of an administrative remedy, because no such remedy exists. See, *e.g., Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 17, 526 N.E.2d 1350, 1355, citing *Glover v. St. Louis–San Francisco Ry. Co.* (1969), 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519; *Kaufman v. Newburgh Hts.* (1971), 26 Ohio St.2d 217, 55 O.O.2d 462, 271 N.E.2d 280, paragraph one of the syllabus. It is undisputed that all of the allowable permits have already been issued and that Crestline admits that it "will not entertain a permit application by [plaintiff] on the grounds that the Village has already issued the maximum number of permits authorized by the Ordi-

---

2. We are not entirely convinced that this issue was properly before the trial court. The only evidence before the court was the pleadings, which contain no evidence or factual assertions regarding the plaintiff's failure to apply directly to the council. Cf. Civ.R. 12(B); Civ.R. 56(B). However, because plaintiff has not contested the court's authority to decide this issue, in the interest of judicial economy we will proceed to review the trial court's judgment.

nance." Because Crestline has already effectively denied plaintiff's application, plaintiff has no available administrative remedy. Cf. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 114–115, 564 N.E.2d 477, 482–483.

Finally, it appears that the trial court was under the impression that council could amend the municipal code to increase the number of permits. However, plaintiff correctly observes that amending the code is not an administrative action.

■■ "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500, paragraph two of the syllabus, quoted with approval in *Buckeye Community Hope Found. v. Cuyahoga Falls* (1998), 82 Ohio St.3d 539, 544, 697 N.E.2d 181, 185. In this case, application of the *Donnelly* test leads to the conclusion that issuance of a permit by the council is an administrative act, but amending the municipal code to allow the issuance of more permits is a legislative one. The exhaustion doctrine does not require litigants to seek legislative action prior to filing suit. See, *e.g., Howland Realty Co. v. Wolcott* (1982), 8 Ohio App.3d 424, 426, 8 OBR 548, 550, 457 N.E.2d 883, 886. Thus, dismissal of the action for failure to seek amendment of the municipal code is accordingly improper.

For the foregoing reasons, the trial court erred by dismissing plaintiff's complaint. Plaintiff's sole assignment of error is sustained, the judgment of the Common Pleas Court of Crawford County is reversed, and this case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and WALTERS, J., concur.