Stewart, J.
 

 The instant case presents three questions, the answers to which must determine the solution of the problem before us. <
 

 The first of these questions is whether the agents
 
 *292
 
 of insurance company are covered by the Unemployment Compensation Act of Ohio and, therefore, whether their employment obligates insurance company to contribute to the unemployment compensation fund.
 

 The second question is whether the instant action for a declaratory judgment is proper or allowable.
 

 The third question is whether the instant action constitutes an action against the state, prohibited under the law.
 

 Are the agents of insurance company covered by the Unemployment Compensation Act?
 

 The Unemployment Compensation Act of Ohio imposes upon employers the obligation to make contributions to the unemployment compensation fund for those who are in their employment. There are many situations ordinarily conceived to constitute employment excepted from the coverage of the act.
 

 Section 1345-1, General Code, provides in part as follows:
 

 “The term employment shall not include:
 

 “Service performed by an individual for one or more principals who is compensated on a commission basis, and who in the performance of the work is master of his own time and efforts, and whose remuneration is wholly dependent on the amount of effort he chooses to expend * *
 

 If the services of the agents of insurance company come within the meaning of the foregoing enactment then those agents are not covered by the' Unemployment Compensation Act. It seems to us that there could not be a clearer example of what employees were meant to be excepted from the Unemployment Compensation Act than the agents in the instant case.
 

 It is not of importance whether the agents are considered as independent contractors as was done in the case of
 
 Commercial Motor Freight, Inc.,
 
 v.
 
 Ebright,
 
 
 *293
 

 Treas.,
 
 143 Ohio St., 127, 54 N. E. (2d), 297, 151 A. L. R., 1321, or whether they are considered as employees, for, in either event, they come squarely within the language of Section 1345-1 quoted above.
 

 There is no dispute or controversy in the evidence that the entire compensation of the agents is on a commission basis. As stated, they receive no advance payments, drawing accounts or any reward except a percentage of the amount of the collections and of the amount of their sales.
 

 The evidence likewise shows, without controversy, that the agents are masters of their own time and efforts. They can work daytime or evenings, any day or days, part time or not at all. Although as a matter of practice they report to the company offices and go to “pep” meetings, they are not required to do either and there is no penalty if they fail so to do. Insurance company is interested only in the results the agents obtain and although it can discharge them, most of the turnover in agents results from resignations.
 

 The remuneration of the agents is wholly dependent on the amount of effort they choose to expend. If they work diligently they make more collections and more sales and thus receive more commissions, and, on the other hand, if they work sparingly their remuneration is less for the sole reason that they have fewer commissions from collections and sales. Therefore, without regard to their legal status as independent contractors or employees they are, by the language of the statute, wholly and completely excepted from the status of employment for the purposes of coverage by the Unemployment Compensation Act.
 

 The second question concerns the propriety of an action for declaratory judgment. It is argued that the instant action is against the state to recover money paid as contributions to the unemployment compensation fund by insurance company in respect to these
 
 *294
 
 agents. On the other hand, it is argued that the action is one to determine the status of the agents under the statute and that the prayer for the recovery of the money is merely incidental to the main purpose of the action and, therefore, the action is proper.
 

 Section 12102-1, General Code, reads:
 

 “Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.”
 

 Section 12102-2, General Code, reads:
 

 “Any person * * * whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined' any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.”
 

 It seems clear that the instant action is one to declare the rights, status and other legal relations of the agents and of insurance company under the Unemployment Compensation Act, and that insurance company is one whose rights, status or other legal relations are affected by a statute. Therefore, insurance company may have determined its status with reference to the statute and may have a declaration of its rights thereunder. It seems obvious that this is the kind of a situation, if there were no other conditions,, that is contemplated in the declaratory judgments statutes. However, it is urged that there is an equally serviceable and, therefore, exclusive procedure provided by law for a situation such as presented in the
 
 *295
 
 instant case, and that, therefore, an action for a declaratory judgment does not lie.
 

 Section 1345-2 (e), General Code, provides that within four years after the date on which any contribution is paid an employer who has paid such may make an application for an adjustment thereof, and that if the administrator shall determine that such •contribution or any portion thereof was erroneously •collected he shall allow such employer to make an adjustment therefor in connection with subsequent contributions made by the employer and, if such adjustment cannot be made, the administrator shall .refund the erroneously collected contribution, without interest, from the clearing account of the unemployment compensation fund.
 

 It is further provided that the administrator may make such adjustment or refund on his own initiative.
 

 Section 1345-4 (c) 4 G, General Code, provides that "the employer shall be promptly notified of the administrator’s denial of his application or the administrator’s redetermination, which shall become final unless within 30 days after notification to the employer an .appeal is taken to the Common Pleas Court of Franklin County.
 

 The foregoing procedure could have been followed by insurance company and in fact was so followed with reference to the contributions of 1940, and the •denial of the application by administrator became final for the reason that no appeal was. taken therefrom.
 

 In some jurisdictions it is held that, if there is a remedy provided by law which is equally as serviceable as an action for a declaratory judgment, such remedy is exclusive and an action for a declaratory judgment will not lie.
 

 Whatever may be the rule in other jurisdictions, it Is settled in Ohio that an action for a declaratory judgment may be alternative to other remedies in those
 
 *296
 
 cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act, that a real controversy between adverse parties exists which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost.
 
 Schaefer
 
 v.
 
 First National Bank of Findlay, Ohio,
 
 134 Ohio St., 511, 18 N. E. (2d), 263;
 
 Radaszewski
 
 v.
 
 Keating, Exrx.,
 
 141 Ohio St., 489, 49 N. E. (2d), 167.
 

 It is clear that the instant action, so far as it concerns the rights of insurance company with reference to contributing to the unemployment compensation fund on account of its agents, is within the spirit of the Uniform Declaratory Judgments Act; that there is a real controversy between insurance company and administrator which is justiciable in character; and that speedy relief is necessary to preserve the right of insurance company to refuse to pay contributions to the fund.
 

 If the instant case were simply an action to recover money wrongfully paid, the action would not lie for the reason that it would not be within the spirit of the-Uniform Declaratory Judgments Act. Likewise, if insurance company had utilized the procedure under Sections 1345-2 (e) and 1345-4 (c) 4 G-, General Code, and had been defeated thereunder and no appeal had been taken, it could not circumvent the operation of the above acts by attempting to secure a declaratory judgment. That was the situation with reference to the contributions of 1940, and the Court of Appeals logically and correctly held that there could be no recovery of the contributions of that year. As to the subsequent years the instant action was brought within the time limit provided by Sections 1345-2 (e) and 1345-4 (c) 4 G and, therefore, was an alternative rem
 
 *297
 
 edy to that provided by such sections and was allowable within the sound discretion of the court.
 

 On October 3, 1946, insurance company filed a claim for refund of its contributions for the years 1941 to 1946 (two quarters), inclusive, on which no action has ever been taken by administrator, so that if the instant action were simply for a declaration of the rights ánd status of insurance company and it were decided that the agents were not in employment within the meaning of the Unemployment Compensation Act, administrator would be bound to refund the contributions made by insurance company for the period properly covered by the application of October 3,1946.
 

 We are of the opinion that as incidental to a declaration of insurance company’s rights the court was justified in permitting a recovery of the contributions concerning which administrator had made no order.
 

 Section 12102-8, General Code, provides in part:
 

 “Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. ’ ’
 

 It seems obvious that in the interest of speedy justice it was proper that the court, having determined that insurance company was not obligated to pay contributions in respect to its agents, should then grant the incidental relief of awarding the wrongfully paid contributions to insurance company instead of compelling it to resort to the alternative remedy under the statutes.
 

 Reference is made in the briefs and in argument to the case of
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Heisel, Sr.,
 
 143 Ohio St., 519, 56 N. E. (2d), 151, as applicable to the question of the propriety of a declaratory action in the instant case, but we are of the opinion that there is no analogy between the
 
 Heisel case
 
 and the one with which we are concerned. The
 
 Heisel case
 
 held simply
 
 *298
 
 that a declaratory judgment action was not proper where the only question involved was whether an automobile was being driven with the permission of the owner. That presented an entirely different problem from the one we have as to the rights and status of an employer under a statute.
 

 As to our third question, it is argued that the instant action is one against the state, and that the state is not subject to suit in its own courts without its express consent. That principle is unquestioned and it is also true that Section 16, Article I of the Ohio Constitution, is not self-executing and the state is immune from suit except as the General Assembly may provide by law. In the case of
 
 Palumbo
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 54, 42 N. E. (2d), 766, this court held that an action against the state to garnishee the pay of a state employee is not authorized in the absence of legislation allowing the same.
 

 It is argued that the instant action being against administrator is really one against the state and, therefore, unauthorized. We do not agree with that contention. In the first place, as we have said, the instant action is to declare and determine the rights and status of insurance company under the Unemployment Compensation Act. In order to determine that status it was essential to make administrator the party defendant. The main judgment .in the case is simply a determination of insurance company’s rights. In the
 
 Palumbo case, supra,
 
 there was an attempt to reach money which was a part of the general fund of the state, whereas in the instant action the money recovered as an incident of further relief following the declaration consisted of funds which belonged to insurance company and which were not in any general-state fund but in the clearing account of the unemployment fund.
 

 
 *299
 
 As we have suggested, if the instant action were simply an action for the recovery of money there would be some plausibility in the argument that it was an action against the state and, therefore, not permitted, but assuredly an action against a state employee to •determine rights, liability or status is not prohibited because that employee happens to be the head of one of the administrative boards of the state. If' it were otherwise it would mean that one could not mandamus a state officer to perform a clearly mandatory duty or one could not enjoin him from committing a patent and outrageously illegal act. A private citizen in such case would be helpless from unlawful, oppressive and outrageous conduct of a state official.
 

 We are of the opinion that the
 
 Palumbo case
 
 is easily distinguishable from the instant case. A declaratory judgment being proper as to the rights and status of insurance company, the granting of incidental relief does not violate the principle of immunity of the state from suits in its own courts without its express consent.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., .concur.