KAUFMAN, TRUSTEE, APPELLEE, *v.* VILLAGE OF NEWBURGH HEIGHTS ET AL., APPELLANTS.

[Cite as Kaufman v. Newburgh Heights (1971), 26 Ohio St. 2d 217.]

(No. 70-221—Decided June 23, 1971.)

218

*Mr. Charles E. Merchant*, for appellee.

*Mr. Arthur P. Lambros*, for appellants.

SCHNEIDER, J.  Newburgh Heights does not here contend that its zoning ordinance is constitutional with respect to the Kaufman parcel, but that Kaufman had no right to attack that constitutionality without first appealing to the board of zoning appeals.  We disagree, and, therefore, affirm.

It is axiomatic that the doctrine of "failure to exhaust administrative remedies available" may be a defense to an action in mandamus (*State, ex rel. Schindel,* v. *Rowe* [1971], 25 Ohio St. 2d 47; *State, ex rel. Foreman,* v. *City Council* [1965], 1 Ohio St. 2d 132; *State, ex rel. Lieux,* v. *Westlake* [1951], 154 Ohio St. 412); to an action for a declaratory judgment (cf. *Burt Realty Corp.* v. *Columbus* [1970], 21 Ohio St. 2d 265); or to an action for damages (*Ladd* v. *New York Central Rd. Co.* [1960], 170 Ohio St. 491) only if interposed (cf. *Curtiss* v. *Cleveland* [1957], 166 Ohio St. 509, [1959], 170 Ohio St. 127), and if a remedy exists which is effectual to afford the relief sought.

Pursuant to R. C. 713.11, Newburgh Heights created an administrative board, entitled "Board of Zoning Appeals,"

to administer the details of its zoning regulations. That statute authorizes a delegation to such a board of the power to (1) hear and determine appeals; (2) "permit exceptions to and variations from" the zoning regulations as "specified"; and (3) "administer the regulations as specified therein."

However, Newburgh Heights chose to delegate to its board of zoning appeals only the power to "adopt such rules and regulations as it may deem necessary to carry into effect the provisions" of its zoning ordinance and "where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of [the zoning ordinance] . . . in a specific case, to interpret any such provision in harmony with the general purpose and intent of . . . [the zoning ordinance] so that its public health, safety, and general welfare may be secured and so that substantial justice may be done."

We cannot infer from that language an intent on the part of the legislative authority of the village that the board of zoning appeals should have power to permit exceptions to, and variations from, the regulations. (Cf. *L. & M. Investment Co.* v. *Cutler* [1932], 125 Ohio St. 12.) Rather, it connotes only the power to review and correct an interpretation of the zoning regulations by the administrative officers charged with their enforcement. In this case, it is agreed that most of appellee's property was in a residence district. Consequently, the building commissioner had no choice but to reject the building permit. Upon appeal, the board of zoning appeals equally would have had no jurisdiction to consider the matter.

Therefore, no effectual or adequate administrative remedy being available to appellee, he was entitled to seek a declaratory judgment in an original action.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.