128

HERRICK ET AL., APPELLEES, *v.* KOSYDAR, TAX COMMR.,
APPELLANT, ET AL.

(No. 75-52—Decided December 17, 1975.)

*Messrs. George, Greek, King, McMahon & McConnaughey, Mr. Darold I. Greek* and *Mr. Steven R. Severy,* for appellees.

*Mr. William J. Brown,* attorney general, *Mr. John C. Duffy, Jr.,* and *Mr. Clinton J. Miller,* for appellant.

*Per Curiam.* The issue presented in this case is whether the Court of Common Pleas lacked jurisdiction to render a declaratory judgment, in view of the alternative administrative remedy provided by R. C. Title 57.

In *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287, 89 N. E. 2d 301, this court held that an action for declaratory judgment could be maintained even when an alternative administrative remedy was available. In that case, an insurance company sought a declaration that its agents were not in employment within the meaning of the statutes requiring employer contributions to the unemployment compensation fund, and requested, as ancillary relief, refunds of past payments and injunctive relief against further collections. The state argued that the insurance company could avail itself of an equally serviceable procedure by administrative hearing and, if necessary, appeal therefrom to the Court of Common Pleas. This court recognized that the company had an administrative remedy, but rejected the contention that the administrative remedy was always exclusive, stating at page 295:

"In some jurisdictions it is held that, if there is a remedy provided by law which is equally as serviceable as an action for a declaratory judgment, such remedy is exclusive and an action for a declaratory judgment will not lie.

"Whatever may be the rule in other jurisdictions, it is settled in Ohio that an action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act, that a real controversy between adverse parties exists which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. *Schaefer* v. *First National Bank of Findlay, Ohio*, 134 Ohio St. 511, 18 N. E. (2d), 263; *Radaszewski* v. *Keating, Exr.*, 141 Ohio St. 489, 49 N. E. (2d), 167." See, also, *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93, 296 N. E. 2d 261.

The present case seeks a declaration as to the plaintiffs' liabilities arising from a state statute which is claimed to be invalid, and is identical in principle to *American Life & Accident Ins. Co., supra.* The case is within both the letter and the spirit of R. C. 2721.03; it presents a real controversy between plaintiffs and the state which is justiciable in character; and speedy relief is necessary to preserve the plaintiffs' right to refuse to pay the taxes mandated by statute.

In addition, an action in declaratory judgment is clearly a superior remedy for plaintiffs. The plaintiffs' claim is based solely upon the constitutionality of R. C. 145.56 and 3307.71, and it is well established that an administrative agency is without jurisdiction to determine the constitutional validity of a statute. *S. S. Kresge Co.* v. *Bowers* (1960), 170 Ohio St. 405, 166 N. E. 2d 139. Thus, administrative proceedings in this case would be futile preludes to the assertion of plaintiffs' actual claim in a later appeal to the courts. Administrative proceedings could not provide or even consider the relief sought by these plaintiffs. Cf. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, 328 N. E. 2d 395. Further, the present action is a class action, brought on behalf of an estimated 40,000 claimants. Administrative remedies would

require each of those claimants to file a separate refund application, a requirement which can hardly be considered an equally serviceable alternative to a single declaratory judgment action. A class action provides various other procedural benefits and safeguards, as set out in Civ. R. 23, and offers clear advantages for large groups of litigants with similar interests. None of these advantages would be available in an administrative hearing, or in an appeal therefrom to the courts.

The Tax Commissioner contends that R. C. 5703.38 bars the injunctive relief sought by plaintiffs. That issue was not decided by the Court of Appeals, although it was discussed, for the sole issue presented was whether the Court of Common Pleas had jurisdiction to hear the case. Whether an injunction is available is a question of proper relief, and does not affect the court's jurisdiction. "Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *" R. C. 2721.02.

The controversy presented in this case is a real and justiciable one, and declaratory judgment is a proper means to adjudicate the rights and status of the parties.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.