**AEI Group, Inc.**
v.
**Ohio Department of Commerce**
*[Cite as 3 AOA 275]*

*Case No. 89AP-861*
*Franklin County, (10th)*
*Decided May 3, 1990*

*Fry & Waller Co., L.P.A., and Mr. Barry A. Waller, for Appellant.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Daniel A. Malkoff, for Appellee.*

STRAUSBAUGH, J.

This is an appeal by plaintiff from a judgment of the Franklin County Court of Common Pleas dismissing plaintiff's complaint for failure to exhaust administrative remedies and for failure to state a claim upon which relief could be granted. The trial court granted defendant's Civ. R. 12(B)(6) motion to dismiss plaintiff's action for declaratory relief on the basis that a pending administrative remedy was available to adequately determine the issues set forth in plaintiff's complaint.

On October 11, 1988, defendant, Ohio Department of Commerce, Division of Securities, issued a letter to plaintiff, AEI Group, Inc., pursuant to Ohio Adm. Code 1301:6-3-15(I)(3) requiring plaintiff to submit to defendant an audited financial statement covering a period from January 1, 1988 to July 31, 1988. Plaintiff was given until December 30, 1988 to complete the audit and submit it to defendant. Apparently, defendant questioned the net worth of plaintiff based upon financial reports submitted by plaintiff for the year ending December 31, 1987. After the expiration of the December 30, 1988 deadline, plaintiff informed defendant that it would not complete the audit based upon the time and expense required. On January 5, 1989, defendant issued a notice of opportunity for hearing requiring that plaintiff show cause why its license should not be suspended. Pursuant to R.C. 119.09, plaintiff requested an administrative hearing regarding the January 5, 1989 notice.

Subsequently, on February 23, 1989, plaintiff filed a complaint for declaratory and injunctive relief against defendant. Plaintiff filed its complaint pursuant to R.C. 2721.03, the Declaratory Judgment Act, requesting that the trial court declare Ohio Adm. Code 1301:6-3-15 invalid based upon defects in its promulgation and because plaintiff alleged that the rule violated Section 1, Article II, of the Ohio Constitution. Plaintiff also requested that the trial court declare defendant's enforcement of the rule against plaintiff unreasonable, arbitrary, and capricious. Plaintiff's complaint further alleged that such enforcement constituted selective enforcement and that defendant did not have jurisdiction or power to enforce the rule against plaintiff. Finally, the complaint also sought injunctive relief in order to prevent defendant from enforcing the rule against plaintiff. Thereafter, defendant submitted a motion to dismiss based upon failure to state a claim upon which relief could be granted and for failure to exhaust administrative remedies. On June 22, 1989, the trial court dismissed plaintiff's complaint for declaratory and injunctive relief.

On appeal, plaintiff asserts but one assignment of error for this court's review: "The trial court abused its discretion in dismissing appellant's complaint."

Plaintiff argues that the trial court erred in granting defendant's motion to dismiss since there exists no question that in the present case there is a very real controversy as plaintiff has challenged the very existence of the Ohio Department of Commerce, Division of Securities itself as well as various administrative rules and selective enforcement of those rules. Furthermore, plaintiff insists that speedy relief is required due to the nature of the world of investments and securities where rumor and speculation play a major role in the decisions of investors. While defendant argues that plaintiff should have exhausted its administrative remedies before resorting to the courts, plaintiff contends that its complaint demonstrates that there is more involved than plaintiff's failure to comply with an edict of defendant. Rather, plaintiff challenges the legitimacy of defendant's order as well as defendant's authority to make rules and the constitutionality of those rules. Since defendant lacks jurisdiction to decide those issues, plaintiff insists that an appeal to the courts is necessary.

In *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93, the Supreme Court held in paragraph one of the syllabus:

"An action for a declaratory judgment to determine the validity of an administrative agency regulation may be entertained by a court, in the exercise of its sound discretion, where the action is within the spirit of the Declaratory Judgment Act, a justiciable controversy exists between adverse parties, and speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost. (Paragraph two of the syllabus in *American Life & Accident Ins. Co.* v. *Jones*, [1949], 152 Ohio St. 287, followed.)"

Accordingly, the granting of declaratory relief is a matter of judicial discretion and, absent an abuse of discretion by the trial court, an appellate court is not permitted to question the trial court's decision to deny or grant such relief. *Bilyeu* v. *Motorists Mutual Ins. Co.* (1973), 36 Ohio St. 2d 35.

However, we note that a trial court does not have unbridled discretion in its decision as to whether or not to dismiss a complaint for declaratory judgment. Civ. R. 57 provides in part:

"The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. * * *"

As the court held in *Fioresi* v. *State Farm Mut. Auto Ins. Co.* (1985), 26 Ohio App. 3d 203, a court can dismiss a declaratory judgment action under Civ. R. 12(B)(6) for only two reasons: "(1) where there is no real controversy or justiciable issue between the parties * * * or (2) when the declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07 * * *." *Id.* at 203-204. See, also *Bilyeu, supra*, at 37; *Celina Mutual Ins. Co.* v. *Sadler* (1966), 6 Ohio App. 2d 161, paragraph one of the syllabus.

While the trial court found that dismissal was appropriate on the basis that plaintiff had failed to exhaust its administrative remedies, which the trial court believed could potentially remedy plaintiff's complaints, no such exhaustion of administrative remedies is required if the administrative agency has no power to afford the relief sought. See *Kaufman* v. *Newburgh Heights* (1971), 26 Ohio St. 2d 217. Exhaustion of administrative remedies is not required where the

constitutionality of a statute is raised as a defense in a proceeding brought to enforce the statute. *Johnson's Island* v. *Bd. of Twp. Trustees* (1982), 69 Ohio St. 2d 241, 248-249.

In the present case, we agree with plaintiff that the trial court abused its discretion in dismissing its complaint for declaratory relief to the extent that plaintiff challenged the constitutionality of various administrative rules being enforced by defendant. It is well-established that an action for declaratory relief is a valid manner in which a court may exercise jurisdiction since constitutional arguments are not within an administrative agency's jurisdiction. *Roosevelt Properties Co.* v. *Kinney* (1984), 12 Ohio St. 3d 7, 8; *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128, 130.

Since plaintiff was required by defendant to show cause why its license should not be revoked in light of the enforcement of defendant's rules, plaintiff could assert as a defense the unconstitutionality of those rules. Thus, plaintiff's complaint for declaratory relief should have been entertained by the trial court on this basis. However, we find no abuse of discretion by the trial court in dismissing plaintiff's complaint for declaratory relief with regard to the alleged selective enforcement of those rules since the trial court could find that defendant may more appropriately make such a determination.

Defendant has cited this court's decision in *Arbor Health Care Co.* v. *Jackson* (1987), 39 Ohio App. 3d 183, arguing that dismissal of plaintiff's claims regarding the constitutionality of defendant's administrative rules was appropriate. However, we find our decision in *Arbor Health Care Co., supra*, to be distinguishable from the present appeal. In that case, this court found that it was not an abuse of discretion by the trial court to dismiss plaintiff's complaint seeking declaratory judgment regarding whether there had been constitutional due process compliance with the rules of the Certificate of Need Review Board. In *Arbor Health Care Co., supra*, there was no challenge to the constitutional validity of the statute itself but instead a constitutional argument was raised regarding alleged noncompliance with its due process right to notice.

However, in the present case, plaintiff specifically challenges the constitutional validity of the rules themselves as well as the constitutionality of defendant's own existence. R.C. 2721.03 specifically provides:

"Any person * * * whose rights, status, or other legal relations are affected by a * * * rule as defined in section 119.01 of the Revised Code * * * may have determined any question of construction or validity arising under such * * * rule * * * and obtain a declaration of rights, status, or other legal relations thereunder."

Accordingly, on the constitutional issues presented in this case, we find that the trial court erred in dismissing plaintiff's complaint in declaratory judgment. However, with regard to that portion of plaintiff's complaint which seeks declaratory relief with regard to the selective enforcement of defendant's rules, we find that there was no abuse of discretion by the trial court in dismissing plaintiff's complaint since this involves the application of those rules.

Based on the foregoing, plaintiff's assignment of error is well-taken and is sustained to the extent that the trial court should not have dismissed plaintiff's complaint seeking declaratory relief with regard to the constitutionality of the administrative rules of defendant as well as the constitutionality of defendant's existence. However, as to those issues not involving a question of construction or validity, we find that it was within the trial court's discretion to dismiss plaintiff's complaint. Therefore, the judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part, and*
*cause remanded.*

WHITESIDE and CACIOPPO, J.J., concur.

CACIOPPO, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.