SANDUSKY MARINA LIMITED PARTNERSHIP, Appellee,

v.

OHIO DEPARTMENT OF NATURAL RESOURCES et al., Appellants.

[Cite as *Sandusky Marina Ltd. Partnership v. Ohio Dept. of Natural Resources* (1998), 126 Ohio App.3d 256.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–97–017.

Decided Feb. 13, 1998.

*Walter R. Wagner,* for appellee.

*Betty D. Montgomery,* Attorney General, and *John P. Bartley,* Assistant Attorney General, for appellants.

---

SHERCK, Judge.

This is an appeal from a declaratory judgment issued by the Erie County Court of Common Pleas in a dispute over the terms of a property lease. The trial court found that the lessor, appellant state of Ohio, improperly attempted to circumvent the terms of the lease by retroactively applying a subsequently promulgated administrative rule. Because we concur with the trial court's judgment, we affirm.

The state of Ohio, as proprietor in trust, holds title to all the water and submerged lands within its Lake Erie territorial boundaries. This land is held by the state for the benefit of the public. Adjacent property owners on the shoreline, "upland" property owners, have certain littoral rights in these submerged lands, but may not erect structures there without permission from the state. See *Lemley v. Stevenson* (1995), 104 Ohio App.3d 126, 133, 661 N.E.2d 237, 242. The state agency designated to handle requests for permission to use submerged land is appellant, Director, Ohio Department of Natural Resources ("ODNR").[1] R.C. 1506.11.

In 1988, appellee, Sandusky Marina Limited Partnership, applied to appellant to lease 19.3 acres of Lake Erie submerged lands adjacent to appellee's shoreline property in Erie County, Ohio, for the purpose of constructing a marina. Pursuant to R.C. Chapter 1506 and following administrative review, appellant recommended to the Governor that the state grant a fifty-year lease to appellee for the land at issue. In March 1989, Governor Richard Celeste executed a lease, "* * * for a period of fifty (50) years, commencing March 15, 1989, and ending March 14, 2039."

---

1. The director and agency are both named defendants in this suit. For clarity, we shall refer to the defendant in the singular.

The lease provided:

"The annual rental for the first five (5) year period of this lease shall be $2,500.00. Prior to the expiration of each succeeding five (5) year period, the Director of the Department of Natural Resources shall review the rental and, based upon current property values, may adjust the rental to reflect any variations in property values, excluding any improvement made by the Lessee. Lessee will be informed of any adjustment, in writing, at least ninety (90) days before the end of the five (5) year period.

"The first rental payment shall be computed from March 15, 1989 and shall be due upon receipt of a billing statement from the Ohio Department of Natural Resources. All subsequent rental payments shall be due by March 15 in each and every year thereafter. If any payment is not received by the due date, or within thirty (30) days thereafter, whether or not a demand for payment is made, State, at its option, may terminate this Lease."

On April 30, 1992, appellant adopted new regulations governing rental rates for submerged Lake Erie lands. In material part, the regulation provides:

"The rent rates herein determined shall be applied equally throughout the entire lake Erie shoreline, including Sandusky bay, Maumee bay and the islands. Rates will be determined by the director using the description of the development, improvement or activity provided by the applicant according to the following schedule:

"* * *

"(E) Large facility and an industrial facility—$0.04 per square feet of the lease area per year." Ohio Adm.Code 1501-6-06.

The regulations further provide for future rental increases through an "escalator clause" based on the national consumer price index.

On March 2, 1994, appellant informed appellee that, based on the computations set forth in Ohio Adm.Code 1501-6-06, the annual rent for the property at issue would increase from $2,500 to $33,654 for the next five-year term of the lease. When appellee's tender of $2,500 plus fifteen percent was rejected by appellant, appellee initiated the declaratory judgment action which underlies this appeal. Concurrently, appellee instituted R.C. Chapter 119 appeals in Erie and Franklin Counties and an administrative appeal before the ODNR.[2]

---

2. The procedural aspects of this case are complex. Appellee apparently instituted the R.C. Chapter 119 appeals in the event it was later determined that a declaratory judgment action was inappropriate. It dismissed these appeals when appellant scheduled administrative hearings. The administrative process was pursued concurrent to this action. While this case was decisional, the director, ODNR, issued a ruling unfavorable to appellee. Appellee again

The declaratory judgment matter proceeded to trial before the court which, following deliberation, concluded that (1) the lease was valid, (2) appellant had made no attempt to determine the rental value of the property by any means other than that presented in the Administrative Code, (3) the utilization of the Administrative Code method on this lease is a retroactive application which is both statutorily and constitutionally abhorrent. Consequently, the court nullified the attempted rent increase and ordered appellant to recalculate the increase pursuant to the terms of the contract.

From this judgment, appellant now brings this appeal, raising the following four assignments of error:

"1. Where an agency of the state exercises its authority and discretion in conformity with the law, a trial court's order which invalidates such exercise of authority and discretion will not be upheld.

"a. The Director of ODNR has the sole and exclusive statutory authority to determine if it is proper to lease Lake Erie submerged land and to determine the consideration to be paid for the lease.

"b. The Director of ODNR has been granted statutory authority to promulgate rules and the Rules for Leasing Lake Erie Submerged Lands in Ohio Admin.Code Chapter 1501–6 are a proper exercise of that authority.

"c. The Director of ODNR is not in violation of the Consideration clause in Sandusky Marina's lease by using the rental schedule in Ohio Admin.Code 1501–6–06 to determine the annual rental amount for the succeeding five (5) year period commencing on March 15, 1994.

"d. All matters relating to the State of Ohio's management and control of lands and waters of Lake Erie are governed by and impressed with the public trust doctrine.

"e. The Director of Natural Resources' determination of Sandusky Marina's future rent in 1994 for an upcoming five year period of its lease was not a retroactive application of law.

"2. Where a party fails to prove beyond a reasonable doubt that the actions of the state are unconstitutional, a trial court's findings of unconstitutionality and orders to that effect will not be upheld.

"a. Ohio law places a strict standard on the scope of judicial review of constitutional questions.

filed R.C. Chapter 119 appeals in both Erie and Franklin Counties. These appeals were stayed, however, pending the results of the declaratory judgment case. These ancillary proceedings are irrelevant if a declaratory action is the appropriate remedy for this matter..

"b. As a matter of law, Sandusky Marina was not entitled to declaratory judgment in its favor.

"3. When not all of the requirements for bringing a declaratory judgment are met and where a defense of failure to exhaust administrative remedies is raised and left unchallenged by any evidence of an exception to that doctrine, dismissal of the declaratory judgment action is warranted, until such time as the party exhausts its administrative remedies.

"a. In this controversy, Sandusky Marina initiated a concurrent administrative appeal which would have provided an equally serviceable remedy to Sandusky Marina and it failed to demonstrate that its administrative remedy would be onerous or vain.

"b. The requirement for a declaratory judgment action to proceed under Chapter 2721, that speedy relief is necessary to preserve rights which might otherwise be impaired or lost, is not met in this action, therefore the trial court erred in not dismissing plaintiff's declaratory judgment action.

"c. The prerequisite that a party may not need to exhaust administrative remedies prior to initiating a declaratory judgment action where the sole claim raised is a constitutional challenge is not met in this case, where Sandusky Marina's constitutional claim is tied to additional claims against ODNR.

"4. The trial court committed prejudicial error by improperly admitting a draft summary and fiscal analysis of Ohio Admin.Code 1501–6–06 submitted by ODNR to various governmental officials, which was irrelevant, immaterial and of no probative value and by improperly ordering ODNR to furnish Sandusky Marina with a certified copy of this exhibit for admission into evidence in Sandusky Marina's case in chief."

Appellant has set forth a variety of procedural arguments, essentially proposing that the case should have been brought in the Court of Claims, should have been dismissed because appellee failed to exhaust administrative remedies, and is not appropriate for disposition by declaratory judgment. On the merits, appellant argues that the "public trust doctrine" permits the director to override the contract and that, in any event, the change of method in determining rent is not retroactive because it applies only to the next five-year lease period.

I

■ This is an action for a judgment declaring the rights of the parties to a contract. R.C. 2743.03(A)(2) expressly disclaims the primacy of the Court of Claims over such action. R.C. 2721.03 makes an action for declaratory judgment the appropriate vehicle for adjudicating the rights and relations of the parties to a contract as well as the way those rights are affected by a statute or rule.

■■ Appellant insists that declaratory judgment is unavailable in this instance because appellee lacks the need for a speedy resolution of this issue which appellant contends is a prerequisite. See *Burger Brewing Co. v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97, 63 O.O.2d 149, 151, 296 N.E.2d 261, 264. The need for a speedy resolution may be necessary in a challenge to an administrative rule or regulation; however, the principal thrust of this case is whether application of the regulation breaches a contract and, secondarily, if the application of the regulation to this party is constitutional. At least with respect to the constitutional issue, an administrative appeal (the forum appellant suggests) is inappropriate, as the agency has no power to afford the relief sought. *Kaufman v. Newburgh Hts.* (1971), 26 Ohio St.2d 217, 55 O.O.2d 462, 271 N.E.2d 280, paragraph one of the syllabus. On constitutional issues, exhaustion of administrative remedies is not required. *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 248–249, 23 O.O.3d 243, 247–248, 431 N.E.2d 672, 677–678. See, also, *AEI Group v. Ohio Dept. of Commerce* (1990), 67 Ohio App.3d 546, 550, 587 N.E.2d 889, 891–892.

Therefore, this matter was properly before the trial court. Accordingly, appellant's third assignment of error is not well taken.

## II

■ Appellant's argument with respect to the public trust doctrine is equally unavailing. While the doctrine charges the state with the responsibility and authority to maintain offshore submerged lands for the benefit of the public, see *Lemley,* 104 Ohio App.3d 126, 661 N.E.2d 237, the doctrine does not give the state the unbridled power to do anything it pleases. Contracts of the state are subject to the same obligations as those of a private individual. *State ex rel. Cleveland v. Masheter* (1966), 8 Ohio St.2d 11, 13, 37 O.O.2d 301, 302, 221 N.E.2d 704, 706. The state may not exercise its power to the extent that it acts to unilaterally abrogate contracts into which it entered. *Id.* at 14, 37 O.O.2d at 302–303, 221 N.E.2d at 706–707, citing *Worcester v. Worcester Consol. Street Ry. Co.* (1905), 196 U.S. 539, 25 S.Ct. 327, 49 L.Ed. 591.

■ In this matter, the state made certain contractual promises to appellee in a lease agreement properly endorsed and entered into under seal. Among these promises was when and how the rent was to be computed during the term of the lease. In making this covenant, the state voluntarily ceded away some of its authority and agreed to be bound by the terms of the lease. The state admitted that the rent formula it attempted to impose was not the one contained in the lease. Consequently, the trial court's conclusion that the state had breached the lease at issue was proper. Accordingly, appellant's first assignment of error is not well taken.

### III

The trial court specifically concluded that "the attempted adjustment of Sandusky Marina's rent by authority of such section (Ohio Adm.Code 1501–6–06) results in an unconstitutional retroactive application of the Administrative Code." We agree.

The lease clearly requires that, for its term, rent increases be "based upon current property values [adjusted] to reflect any variations in property value, excluding any improvement made by the Leasee." The later regulation sets rents, "using the description of the development, improvement or activity," a formula different from that agreed to in the lease and which appellant sought to apply after the fact.

While we need not and do not decide the constitutionality of the administrative provision itself, we affirm the court's conclusion that the retroactive application of Ohio Adm.Code 1501–6–06 to this lease is violative of Section 28, Article II of the Ohio Constitution. Accordingly, appellant's second assignment of error not well taken.

### IV

In its fourth assignment of error, appellant complains of an evidentiary ruling made by the trial court in the admission of a draft rule summary and financial analysis of Ohio Adm.Code 1501–6–06. Evidentiary rulings are left to the sound discretion of the trial court. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 86, 19 OBR 123, 125–126, 482 N.E.2d 1248, 1251. Furthermore, any erroneous rulings must prejudice a party to constitute reversible error. *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 41 O.O.2d 412, 233 N.E.2d 137, paragraph one of syllabus. In this case, appellant fails to demonstrate how the court's ruling was prejudicial or even that the court relied upon the documentary evidence in question. Accordingly, appellant's fourth assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and MELVIN L. RESNICK, J., concur.