ROADWAY SERVICES, INC. F.K.A. Seaway Sand & Stone, Inc., Plaintiff,

v.

SPONSLER, Defendants.

2006-Ohio-3765.]

Court of Common Pleas,
Lucas County.

No. CI05–4457.

Decided April 12, 2005.

18

Brian P. Barger and Margaret G. Beck, for plaintiff.

Jim Petro, Attorney General, Mark G. Bonaventura, and Holly N. Deeds Martin, Assistant Attorneys General, for defendants.

ZOUHARY, Judge.

{¶ 1} This case is before the court on the motion to dismiss the complaint filed by defendants Michael L. Sponsler (Chief, Division of Mineral Resources Management, Ohio Department of Natural Resources), Samuel W. Speck (Director, Ohio Department of Natural Resources), and James Petro (Attorney General).

{¶ 2} Upon review of the parties' respective pleadings and briefs, the argument of counsel presented at a hearing on November 23, 2005, supplemental letters, and the applicable law, the court grants the motion.

### Factual Background and Procedural History

{¶ 3} This is a declaratory judgment action in which the plaintiff, Roadway Services, Inc., formerly known as Seaway Sand & Stone, Inc. ("Seaway") challenges the constitutionality of a November 2, 2004 order issued by Sponsler. The order directs Seaway to comply with its mining-and-reclamation permit by replacing neighbor Robert Meyers's domestic water supply. Meyers's domestic well purportedly went dry from dewatering operations at Seaway's limestone quarry at Swanton, Ohio.

{¶ 4} Seaway has filed an appeal with the Reclamation Commission in order to preserve its administrative rights. At Seaway's request, the commission has stayed the order, as well as the administrative appeal, pending the outcome of this action.[1]

{¶ 5} Seaway, which ceased its Swanton mining operation in December 2002, complains that the order unconstitutionally deprives Seaway of its Due Process and Equal Protection rights. Seaway seeks a declaration that the order is unconstitutional and hence invalid and void.

{¶ 6} Specifically, Seaway alleges that the order exceeds Sponsler's legal authority; requires Seaway to make restitution and pay damages to a third party (Meyers) without a court order; denies Seaway the right to a jury trial and the right to have ground-water disputes resolved by use of the reasonable-use doctrine under R.C 1521.17 and the defenses available to it under R.C. 2305.09(D), which prescribes a four-year statute of limitations for claims alleging damage to domestic water supplies due to quarry dewatering; and constitutes a retroactive application of R.C. 1514.02(A)(10)(j),[2] which was not enacted until after the Ohio Department of Natural Resources ("ODNR") issued and renewed Seaway's surface-mining permit.

{¶ 7} Defendants seek dismissal of the complaint pursuant to Civ.R. 12(B)(1) and 12(B)(6) for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies.

{¶ 8} Specifically, defendants assert that the court lacks subject matter jurisdiction because the Reclamation Commission has exclusive original jurisdiction regarding the underlying matters alleged in the complaint, which challenges Sponsler's interpretation of a statute but does *not* challenge the statute's validity; that the complaint fails to state a claim for relief because declaratory relief that would bypass, rather than supplement, R.C. Chapter 1514's special statutory proceedings for appealing Sponsler's orders is not available to Seaway; and that the court should not interfere until the Reclamation Commission, which has the authority to vacate or modify the order if it is arbitrary, capricious, or inconsistent with the law, has had an opportunity to construe the relevant statutory

---

1. Seaway also brought a federal court action, which was dismissed on abstention grounds that allow a federal district court to abstain from exercising jurisdiction until state courts have had the opportunity to interpret Ohio law. *Roadway Servs., Inc. v. Sponsler* (N.D.Ohio 2005), No. 3:05CV7159, 2005 WL 1773946 (it is appropriate to exercise *Burford* abstention, as announced in *Burford v. Sun Oil Co.* (1943), 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424, and dismiss Seaway's action).

2. R.C. 1514.02(A)(10)(j) mandates that an application for a surface-mining permit state the measures that the mine operator will perform to ensure that the effect of any reduction of the quantity of ground water is minimized during mining and reclamation of the affected area.

provisions. Defendants also argue that Sponsler's statutory authority to prevent and abate a mine operator's off-site damage to a third party's water supply dates back to the 1974 version of R.C. Chapter 1514, that Seaway waived any purported constitutional right to injure a third party's existing water supply by promising to replace injured water supplies as part of its mining application, that the replacement provisions in Seaway's 1997 renewal application are a recognition that Sponsler's had and has the authority to order replacement of injured water supplies, and that a Civ.R. 12(B)(6) motion to dismiss is a proper means for raising Seaway's failure to exhaust its administrative remedies because the failure to exhaust is evident from the complaint itself.

{¶ 9} Seaway counters that the court has subject matter jurisdiction over this declaratory judgment action because a real and justiciable controversy exists and there is a need for speedy relief. Seaway also insists that it is not required to exhaust its administrative remedies because the Reclamation Commission cannot consider or decide the constitutional questions raised in the complaint.

### Law and Analysis

### 1. Standard for Civ.R. 12(B)(1) Motion to Dismiss

{¶ 10} A court may not dismiss a case for lack of subject matter jurisdiction if the plaintiff has alleged any cause of action that the court has authority to decide.[3] This determination is generally a question of law,[4] and a court may consider pertinent material beyond the complaint to determine its subject matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss.[5]

### 2. Standard for Civ.R. 12(B)(6) Motion to Dismiss

{¶ 11} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the court must, with reasonable notice, treat the motion as a Civ.R. 56 motion for summary judgment.[6]

---

3. *Newell v. TRW, Inc.* (2001), 145 Ohio App.3d 198, 200, 762 N.E.2d 419, citing *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414.

4. Id., citing *Ford v. Tandy Transp., Inc.* (1993), 86 Ohio App.3d 364, 375, 620 N.E.2d 996.

5. Id., citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus.

6. (Citations omitted.) *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378.

**22**

{¶ 12} In construing a complaint upon a motion to dismiss for failure to state a claim, the court must take all material allegations of the complaint as admitted but must also draw all reasonable inferences in favor of the nonmoving party. And before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.[7]

3. **Ohio law does not allow the court to render a declaratory judgment regarding Sponsler's order before Seaway exhausts its administrative remedies unless the constitutionality of a statute is at issue or the administrative remedies are nonexclusive.**

{¶ 13} In Ohio, "[c]onstitutional questions will not be decided until the necessity for their decision arises,"[8] and if a case can be decided on another basis, it will not be decided on a constitutional ground. Seaway admits that it has failed to exhaust its administrative remedies but claims that to do so would be fruitless; and it is undisputed that the administrative remedies are exclusive.

a. **Ohio's statutory scheme allows Seaway to present all its arguments, including the invalidity of Sponsler's order, to the Reclamation Commission.**

{¶ 14} Sponsler issued the challenged order based on the approved mining and reclamation plan for Seaway's permit. The plan stated that if the quarry's dewatering operations resulted in dewatering of nearby wells, Seaway would provide a temporary water supply within 48 hours and then install new wells or drill deeper wells.

{¶ 15} R.C. 1514.02 charges the Chief of the Division of Mineral Resources Management with issuing mining permits and requires an application for a permit to contain, among other things, a complete mining and reclamation plan. The plan must include the measures the operator will perform to prevent damage to adjoining property and to achieve various general performance standards for mining and reclamation. The general performance standards include ensuring that contamination of underground water supplies is prevented,[9] that the effect of any reduction of the quality of ground water is minimized,[10] and that mining and

---

7. Id.

8. *State ex rel. Lieux v. Westlake* (1951), 154 Ohio St. 412, 43 O.O. 343, 96 N.E.2d 414, paragraph one of the syllabus.

9. R.C. 1514.02(A)(10)(h).

10. R.C. 1514.02(A)(10)(j).

reclamation are carried out in the sequence and manner set forth in the plan.[11]

{¶ 16} R.C 1514.07 provides that if the division chief finds that a mine operator has "violated any requirement of [R.C. Chapter 1514], failed to perform any measure set forth in the approved plan of mining and reclamation that is necessary to prevent damage to adjoining property or to achieve, or has otherwise failed to achieve, the performance standards of [R.C. 1514.02(A)(10) ], or caused damages to adjoining property," the division chief "may issues orders directing the operator to cease violation, perform such measures, achieve such standards, or prevent or abate off-site damage."[12]  The order must identify "the specific requirement violated, measure not performed, standard not achieved, or off-site damage caused, and where practicable prescribe what action the operator may take to comply with the order" and prescribe a reasonable date or time for compliance.[13]  And the division chief may revoke the operator's permit if the operator fails to timely comply with the order.[14]

{¶ 17} R.C. 1513.13 vests the Reclamation Commission with *exclusive original jurisdiction* to hear and decide appeals from the division chief's orders[15] and requires the commission to affirm an order unless it "determines that it is arbitrary, capricious, or otherwise inconsistent with law," in which case the commission may modify the order or vacate it and remand it to the division chief for further proceedings.[16]  R.C. 1513.13 also requires the commission to "conduct hearings and render decisions in a timely fashion."[17]

{¶ 18} Under Ohio Adm.Code 1513–3–16, which governs the conduct of evidentiary hearings before the Reclamation Commission, the parties have the right to "presentation of evidence, cross-examination, objection, motion and argument."[18] Thus, an appeal to the commission entails a full evidentiary hearing.  The statutory scheme outlined above clearly contemplates that an appeal to the Reclamation Commission will afford Seaway a full opportunity to present all the arguments that support its claim that Sponsler's order is invalid.

---

11.  R.C. 1514.02(A)(10)(k).

12.  R.C. 1514.07.

13.  Id.

14.  Id.

15.  R.C. 1513.13(A)(1).

16.  R.C. 1513.13(B).

17.  Id.

18.  Ohio Adm.Code 1513–3–16(C)(2).

### b. A declaratory judgment is not an alternative to a special statutory scheme that vests an administrative tribunal with "exclusive original jurisdiction."

{¶ 19} A pivotal question is whether the Reclamation Commission has authority to review arguments on statutory interpretation in order to determine whether an order is "inconsistent with law." All of Seaway's arguments relate, at least indirectly, to Sponsler's lack of statutory authority to order Seaway to replace Meyers's domestic water supply.

{¶ 20} The Supreme Court of Ohio opines that "it is well-settled that courts, when interpreting statutes, must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which the legislature has delegated the responsibility of implementing the legislative command." [19] R.C. 2721.03, which is part of Ohio's Declaratory Judgments Act, provides:

"[A]ny person * * * whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule[,] * * * municipal ordinance, township resolution, contract, or franchise may have determined *any question of construction or validity* arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."

(Emphasis added.)

And Civ.R. 57, which provides that the civil rules apply to declaratory judgment actions, also provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." In *Schaefer v. First Natl. Bank of Findlay*,[20] the Supreme Court of Ohio held that while granting a declaratory judgment is within a trial court's sound discretion, "the jurisdiction to grant such a judgment is not limited * * * to those cases in which no remedy is available either at law or in equity."[21] However, "the effect of the 'another adequate remedy' language in Civ.R. 57 is to validate a

---

**19.** *State ex rel. McLean v. Indus. Comm.* (1986), 25 Ohio St.3d 90, 92, 25 OBR 141, 495 N.E.2d 370.

**20.** (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E.2d 263.

**21.** Id. at paragraph four of the syllabus. See also *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 130, 73 O.O.2d 442, 339 N.E.2d 626; *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 269–270, 71 O.O.2d 247, 328 N.E.2d 395; *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261; *Am. Life & Acc. Ins. Co. v. Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E.2d 301; and *Radaszewski v. Keating* (1943), 141 Ohio St. 489, 26 O.O. 75, 49 N.E.2d 167.

declaratory judgment action even though there is available an *alternative but nonexclusive remedy* which could provide the relief sought." [22]

{¶ 21} As summarized by the Tenth District Court of Appeals in *Arbor Health Care Co. v. Jackson* : [23]

"Ordinarily, a declaratory judgment is a remedy in addition to other legal and equitable remedies and is to be granted where the court finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired. Where, however, a specialized statutory remedy is available in the form of an adjudicatory hearing, a suit seeking a declaration of rights which would bypass, rather than supplement, the legislative scheme ordinarily should not be allowed." [24]

Further, declaratory judgment is not an alternative to a special statutory scheme that vests an administrative tribunal with "exclusive original jurisdiction." [25] And "a declaratory judgment action may not be brought if there is an exclusive statutory remedy which a party must use. In such case there is not an alternative remedy but an exlusive [sic] remedy and consequently a declaratory judgment action may not be maintained." [26]

c. **Seaway's constitutional arguments do not preclude the Reclamation Commission from ruling on the merits of Seaway's claim that the division chief's order is "inconsistent with law" and do not obviate Seaway's duty to exhaust its administrative remedies.**

{¶ 22} There appears to be some inconsistency in the decisions rendered by the Sixth District Court of Appeals as to the scope of an administrative agency's authority to consider constitutional questions and the propriety of dismissing a declaratory judgment action that raises constitutional questions, as discussed below.

---

22. (Emphasis added.) *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 269, 71 O.O.2d 247, 328 N.E.2d 395.

23. (1987), 39 Ohio App.3d 183, 530 N.E.2d 928.

24. (Citations omitted.) Id. at 186, 530 N.E.2d 928.

25. *State ex rel. Williams v. Bozarth* (1978), 55 Ohio St.2d 34, 37, 9 O.O.3d 19, 377 N.E.2d 1006. See also *State ex rel. Tyler v. McMonagle* (1986), 25 Ohio St.3d 13, 14, 25 OBR 11, 494 N.E.2d 1144; *State ex rel. Maynard v. Whitfield* (1984), 12 Ohio St.3d 49, 50, 12 OBR 42, 465 N.E.2d 406; *Cincinnati ex rel. Crotty v. Cincinnati* (1977), 50 Ohio St.2d 27, 30, 4 O.O.3d 83, 361 N.E.2d 1340.

26. (Citation omitted.) *Std. Oil Co. v. Warrensville Hts.* (1976), 48 Ohio App.2d 1, 13, 2 O.O.3d 4, 355 N.E.2d 495.

{¶ 23} In a 1998 case, *Sandusky Marina Ltd. Partnership v. Ohio Dept. of Natural Resources,*[27] the Sixth District upheld the nullification of an attempted rent increase, which was based on an administrative regulation that was adopted several years after Ohio and a marina operator entered into a 50–year lease for submerged lands adjacent to the operator's shoreline property, on the ground that the increase resulted in an unconstitutional retroactive application of the Ohio Administrative Code.[28] The Sixth District rejected appellant's argument that declaratory judgment was unavailable to the operator, noting that the thrust of the case was, principally, whether application of the regulation breached a contract and, secondarily, whether application of the regulation was constitutional, and concluding: "At least with respect to the constitutional issue, an administrative appeal (the forum appellant suggests) is inappropriate, as the agency has no power to afford the relief sought. * * * On constitutional issues, exhaustion of administrative remedies is not required."[29]

{¶ 24} But in a 2005 case, *Sigler v. Ohio Dept. of Jobs and Family Servs.,*[30] the Sixth District upheld the trial court's dismissal of a claimant's appeal of the termination of his unemployment compensation benefits for failure to exhaust administrative remedies. The fact that the claimant styled his appeal as a declaratory judgment action did not obviate his duty to exhaust his administrative remedies because he did not argue that the unemployment compensation statutes themselves were unconstitutional and argued only that the Unemployment Compensation Review Commission ("UCRC") dismissals of his appeal deprived him of due process. The Sixth District reasoned:

> *Declaratory judgment actions may only interrupt an administrative appellate process when the constitutionality of a statute is at issue.* "[N]o such exhaustion of administrative remedies is required if the administrative agency has no power to afford the relief sought. Exhaustion of administrative remedies is not required where the *constitutionality of a statute* is raised as a defense in a proceeding brought to enforce the statute."[31] This exception is qualified, however, by the discretion afforded trial courts in such matters. The

---

27. (1998), 126 Ohio App.3d 256, 710 N.E.2d 302.

28. Id. at 263, 710 N.E.2d 302.

29. Id. at 262, 710 N.E.2d 302, citing *Kaufman v. Newburgh Hts.* (1971), 26 Ohio St.2d 217, 55 O.O.2d 462, 271 N.E.2d 280, paragraph one of the syllabus; *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 248–249, 23 O.O.3d 243, 431 N.E.2d 672; *AEI Group v. Ohio Dept. of Commerce* (1990), 67 Ohio App.3d 546, 550, 587 N.E.2d 889.

30. 6th Dist. No. L–05–1016, 2005-Ohio-4874, 2005 WL 2266799.

31. *AEI Group,* 67 Ohio App.3d at 550, 587 N.E.2d 889. (Emphasis added by *Sigler.*)

granting of declaratory relief is a matter of judicial discretion and, absent an abuse of discretion by the trial court, an appellate court is not permitted to question the trial court's decision to deny or grant such relief.[32]

Appellant does not argue that the unemployment compensation statutes themselves are unconstitutional; he only argues that the UCRC's dismissals of his appeal deprived him of due process. Appellant additionally argues that the constitutional issues he raises precludes application of the exhaustion doctrine. In particular, he argues that his due process rights were violated when he was (allegedly) deprived on [sic] documentary evidence in contravention of [Ohio Adm.Code] 4141–27–09(D).[33]

(Emphasis added.)

{¶ 25} *Sigler* dictates that "[d]eclaratory judgment actions may only interrupt an administrative appellate process when the constitutionality of a statute is at issue" and refines *Sandusky Marina*'s more general statement that "[o]n constitutional issues, exhaustion of administrative remedies is not required." Both cases cite *AEI Group v. Ohio Dept. of Commerce*,[34] in which the plaintiff specifically challenged the constitutional validity of the defendant's administrative rules as well as the constitutionality of the defendant's existence.

{¶ 26} Seaway relies heavily upon *AEI Group* and also cites *Arbor Health Care Co. v. Jackson*[35] for the proposition that "[s]ince administrative agencies can never decide constitutional questions, declaratory relief is the superior remedy for claims resting on constitutional issues."[36] However, *AEI Group* expressly distinguishes *Arbor Health Care*, in which "there was no challenge to the constitutional validity of the statute itself but instead a constitutional argument was raised regarding alleged noncompliance with its due process right to notice."[37] *AEI Group* ultimately upholds the dismissal of the plaintiff's declaratory judgment action to the extent that it involved the selective enforcement and application of administrative rules but reverses the dismissal to the extent that

---

32. *Bilyeu v. Motorists Mutual Ins. Co.* (1973), 36 Ohio St.2d 35, 65 O.O.2d 179, 303 N.E.2d 871.

33. *Sigler*, 2005-Ohio-4874, 2005 WL 2266799, at ¶ 11–14.

34. (1990), 67 Ohio App.3d 546, 587 N.E.2d 889.

35. (1987), 39 Ohio App.3d 183, 530 N.E.2d 928.

36. Plaintiff's opposition to defendants' motion to dismiss complaint, at 7.

37. *AEI Group*, 67 Ohio App.3d at 551, 587 N.E.2d 889.

the plaintiff's complaint sought declaratory relief with regard to the constitutionality of the defendant's administrative rules and existence.[38]

{¶ 27} Moreover, *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees,*[39] also cited in *AEI Group,* specifically holds that "[a] landowner against whom enforcement of a zoning law is sought may assert as a defense *the unconstitutionality of the zoning law* as applied to his land without the necessity of exhausting the available administrative remedies,"[40] but does not state, or even imply, that the rule of exhaustion of administrative remedies does not apply to constitutional issues in general.

{¶ 28} Further, in *Herrick v. Kosydar,*[41] which Seaway cites for the proposition that administrative proceedings in this case would be futile because the Reclamation Commission cannot consider its challenge to the constitutionality of the division chief's actions,[42] the plaintiffs' claim was based solely upon the constitutionality of two statutes and did not entail a challenge to the constitutional validity of an administrative order. This distinction has legal significance and determines whether the courts can interrupt the administrative scheme.

{¶ 29} Similarly, the issue in *Roosevelt Properties Co. v. Kinney*[43] was the constitutionality of a classification rule promulgated by the Commissioner of Tax Equalization. Thus, the Supreme Court of Ohio's statement that the Board of Tax Appeals "correctly refused to address appellants' constitutional arguments on the basis that such arguments are not within its jurisdictional authority"[44] does not require the court to conclude that a litigant such as Seaway may avoid administrative review merely by asserting some constitutional argument.

{¶ 30} Finally, the court finds that the cases dealing with administrative review by the Environmental Review Appeals Commission ("ERAC"), as cited by defendants,[45] apply here because the Ohio Revised Code explicitly vests both the ERAC and the Reclamation Commission with exclusive original jurisdiction.

38. Id.

39. (1982) 69 Ohio St.2d 241, 23 O.O.3d 243, 431 N.E.2d 672.

40. (Emphasis added.) Id. at paragraph two of the syllabus.

41. (1975), 44 Ohio St.2d 128, 73 O.O.2d 442, 339 N.E.2d 626.

42. Plaintiff's opposition at 9–10.

43. (1984), 12 Ohio St.3d 7, 12 OBR 6, 465 N.E.2d 421.

44. Id. at 8, 12 OBR 6, 465 N.E.2d 421 (citations omitted).

45. See Note 24.

Notwithstanding Seaway's argument to the contrary, the underlying facts do not legally distinguish the ERAC cases so as to preclude dismissal of Seaway's action.

{¶ 31} Nor is dismissal precluded because of Seaway's claim that the present lawsuit involves "the potential for some nearly three hundred identical actions" arising from the alleged unconstitutional award of money damages to a neighboring landowner. While the court is sympathetic to this claim, such a course of events will likely not occur because the director either will affirm the division chief's order, in which case the parties will be back in court, or will grant Seaway relief and strike the damage award. The latter action will avoid the necessity for further court review.

## 4. Summary and Conclusion

{¶ 32} Seaway does not challenge the constitutionality of the statutory scheme under which the division chief issued the order, but instead challenges the constitutionality of the order itself, primarily on the ground that the terms of the order exceed the division chief's statutory authority. R.C. 1513.13(A)(1) and (B) vest the Reclamation Commission with *exclusive original jurisdiction* to hear and decide appeals from the division chief's orders and authorize the commission to modify or vacate an order that it determines to be "arbitrary, capricious, or otherwise inconsistent with law," regardless of the order's constitutionality. Therefore, the court does not have jurisdiction to decide the constitutional issues raised by Seaway's complaint for declaratory judgment *at this juncture,* and Seaway must allow the Reclamation Commission to decide whether the order is valid before seeking judicial review.

{¶ 33} Accordingly, the court finds that defendants' motion to dismiss is well taken and dismisses Seaway's complaint for declaratory judgment on the ground that Seaway's failure to exhaust its administrative remedies deprives the court of subject matter jurisdiction and prevents Seaway from stating a claim upon which relief can be granted.[46]

So ordered.

---

**46.** See *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 564 N.E.2d 477.