DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas affirming a Board of Zoning Appeals' decision which denied appellant additional time to abate zoning violations. Because we conclude that the trial court did not err and appellant was afforded due process, we affirm.
 {¶ 2} Appellant, Otis Plassman, owns several properties in Wauseon, Ohio. On August 1, 2001, the Wauseon Building Code Administrator, Tom Hall, sent six letters to appellant, one for each of six properties owned or maintained by appellant, indicating various zoning violations. The letters apprised appellant that he had 14 to comply with zoning regulations.
 {¶ 3} On September 4, 2001, appellant filed a request with the Board of Zoning Appeals ("Board") for an appeal of the administrator's notices of violations. On September 17, 2001, the Board conducted a hearing with sworn testimony as to appellant's request to grant him more time to bring the properties into compliance and to review allegations that the building code was arbitrarily enforced and unconstitutional.
 {¶ 4} The City Administrator presented evidence that the properties in question were in various stages of extreme disrepair, with rubbish and junk strewn in the yards. The yards were overgrown with weeds and grass generally went uncut. Appellant responded, presenting testimony and evidence in support of the need for additional time to fix up the properties. Appellant presented no evidence or testimony regarding the issues of arbitrary enforcement and unconstitutionality of the code. At the conclusion of the hearing, the Board voted unanimously to deny appellant's request for more time to abate the violations.
 {¶ 5} Appellant then appealed the Board's decision to the Fulton County Court of Common Pleas. After reviewing the transcript of the hearing before the Board and appeal briefs, the court upheld the Board's decision.
 {¶ 6} Appellant now appeals from that decision, setting forth the following two assignments of error:
 {¶ 7} "I. Whether the court of common pleas erred to the prejudice of Plaintiff/Appellant by affirming the decision of the Wauseon Board of Zoning Appeals when the Board's failure to comply with its own statutory procedure violated Appellant's due process rights.
 {¶ 8} "II. Whether the court of common pleas erred to the prejudice of Plaintiff/Appellant by affirming the decision of the Wauseon Board of Zoning Appeals when such board lacked subject matter jurisdiction to hear the case."
 I. {¶ 9} We will address appellant's assignments of error in reverse order. Appellant, in his second assignment of error, argues that the Board lacked subject matter jurisdiction. We disagree.
 {¶ 10} R.C. 713.11 provides that a municipality may create an administrative board of zoning appeals to administer the details of the application of zoning regulations, including the power to review and correct an interpretation of the zoning regulations by the administrative officers charged with their enforcement. See Kaufman v. Newburgh Heights
(1971), 26 Ohio St.2d 217, 219. Pursuant to R.C. 713.11, Wauseon created an administrative Board of Zoning Appeals to administer its zoning regulations.
 {¶ 11} Wauseon Building Code Section 1309.04 provides that the Board shall have the power to "hear an appeal, pursuant to Section 1310.07
of this code, filed by any person adversely affected by a decision of the Administrator in the enforcement of this Code and to determine whether in the opinion of the Board such decision of the Administrator shall be reversed, modified or affirmed." Code Section 1310.07 states that any person "affected by any notice which has been issued in connection with the enforcement of any provision of this Code, or whenever it is claimed that the true intent and meaning of this Code or any of the regulations thereunder have been reconstructed or wrongly interpreted, the owner, or his duly authorized agent, may appeal from the decision of the Administrator within fifteen days after such notice or decision has been served as provided in Section 1310.06."
 {¶ 12} In this case, pursuant to R.C. 713.11 and Wauseon Building Code Section 1310.07, the Board had subject matter jurisdiction to review the Administrator's decision. Moreover, appellant himself invoked that jurisdiction by seeking the Board's review of the Administrator's notice giving him 14 to correct the violations. Therefore, the trial court did not err in failing to overturn the Board's decision based upon lack of subject matter jurisdiction.
 {¶ 13} Accordingly, appellant's second assignment of error is not well-taken.
 II. {¶ 14} Appellant, in his first assignment of error, claims that the trial court erred in affirming the decision of the Wauseon Board of Zoning Appeals because the Board failed to comply with its own statutory procedure and violated Appellant's due process rights.
 {¶ 15} Wauseon Building Code Section 1310.05 provides for procedures to be followed by the Administrator following notice to a property owner of building code violations. These procedures include notice to the owner of the violation and of a time and place for an administrative hearing before a hearing officer. Pursuant to Section 1310. 05, the property owner may present evidence at the hearing to refute the facts in the notice of the violation and the Administrator may present evidence as to the reasons the notice of violation was given. The hearing officer may: confirm the Administrator's findings and provide a reasonable time to abate the violation; refute the findings and revoke the Administrator's work order; or modify any part of the work order, including the reasonable time of completion.
 {¶ 16} In this case, upon a complete review of the Wauseon Building Code, we find nothing in the code sections which requires a person affected by an order of the Code Administrator to first attend or submit to a hearing as provided under Section 1310.05. As we noted previously, Section 1310.07 provides that any person affected by a notice issued in connection with the enforcement of the Code, may appeal "within fifteen days after such notice or decision has been served as provided." (Emphasis added.) In our view, the language of Section 1310.07 indicates that an appeal to the Zoning Board of Appeals may be taken directly to the Board, without waiting for the hearing provided under Section 1310.05.
 {¶ 17} Consequently, although he never received a hearing before the hearing officer pursuant to Section 1310.05, appellant was not denied due process. As we noted previously, appellant himself invoked the appeals process by filing a direct appeal with the Board. Appellant was granted a full appeal hearing and presented evidence and sworn testimony to refute the order. The hearing was recorded and transcribed for review by the common pleas court. Therefore, since appellant had an opportunity for a full and fair hearing, his rights to due process were not violated.
 {¶ 18} Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 19} The judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.