[Cite as *P.D. v. Copley-Fairlawn City Sch. Dist.*, 2017-Ohio-9132.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| P.D., et al.<br><br>    Appellants<br><br>    v.<br><br>COPLEY-FAIRLAWN CITY SCHOOL<br>DISTRICT<br><br>    Appellee | C.A. No.    28436<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.    CV 2015-12-5661 |

DECISION AND JOURNAL ENTRY

Dated: December 20, 2017

---

CARR, Presiding Judge.

{¶1} Appellants, P.D. and J.D., appeal an order of the Summit County Court of Common Pleas that dismissed their administrative appeal. This Court reverses.

I.

{¶2} P.D. and J.D. are the parents of a minor child who was enrolled at Copley High School during the 2015-2016 school year. The minor was expelled from school following a disciplinary incident in November 2015. After the expulsion, P.D. and J.D. pursued two different administrative remedies: they appealed the District's denial of a manifestation determination related to an alleged disability by filing a due process complaint under Ohio Adm. Code 3301-1-05(K)(7) and (K)(22), and they appealed the expulsion to the Board of Education under R.C. 3313.66(E). While the due process complaint was pending, the Board of Education affirmed the expulsion, and P.D. and J.D. filed an administrative appeal in the Summit County Court of Common Pleas under R.C. 3313.66(E) and R.C. Chapter 2506. The trial court

determined that because P.D. and J.D. filed the administrative appeal of the expulsion determination before the due process proceedings reached their conclusion, they had failed to exhaust their administrative remedies. The trial court dismissed the administrative appeal on that basis, and P.D. and J.D. filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED [P.D. AND J.D.'S] APPEAL FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES.

{¶3} P.D. and J.D.'s assignment of error is that the trial court erred by dismissing this administrative appeal on the basis that they failed to exhaust administrative remedies by waiting until the due process complaint procedure had reached its conclusion. This Court agrees.

{¶4} Under R.C. 2506.04, a trial court considering an administrative appeal reviews the order at issue to determine whether it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The scope of this Court's review is more limited. *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 613 (1998). When reviewing a trial court's decision in an administrative appeal, this Court must ordinarily determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial evidence. *Independence v. Office of Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). This case, however, presents solely a matter of law.

{¶5} Failure to exhaust administrative remedies is an affirmative defense in a civil action that must be asserted pursuant to Civ.R. 8 and Civ.R. 12(H). *Jones v. Chagrin Falls*, 77

Ohio St.3d 456 (1997), syllabus. The affirmative defense may be asserted in actions in mandamus, actions seeking a declaratory judgment, and actions for damages. *Kaufman v. Newburgh Heights*, 26 Ohio St.2d 217, 219 (1971). In contrast, the affirmative defense of failure to exhaust administrative remedies is not available in an appellate proceeding. An administrative appeal under R.C. Chapter 2506 is by nature an appeal: the trial court is charged with reviewing an administrative decision based on the existing record, absent circumstances described by R.C. 2506.03(A). The trial court's role is to determine whether the decision "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record," and to "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." R.C. 2506.04.

{¶6} P.D. and J.D. did not pursue an action in which the affirmative defense of failure to exhaust administrative remedies is available. Instead, they availed themselves of the administrative appeal provided by R.C. 3313.66(E). The trial court erred by dismissing the administrative appeal, and P.D. and J.D.'s assignment of error is sustained.

III.

{¶7} P.D. and J.D.'s assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JASON D. WALLACE and DANIEL R. BACHE, Attorneys at Law, for Appellants.

GISELLE S. SPENCER, Attorney at Law, for Appellee.