[Cite as *Cahill v. Ohio Tax Commr.*, 2016-Ohio-7648.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| GLENN AND JODIE CAHILL, | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | CASE NO. 2015-L-111 |
| OHIO TAX COMMISSIONER, JOSEPH W. TESTA, | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 15 CV 000287.

Judgment: Affirmed.

*Nicole T. Fiorelli, Patrick J. Perotti,* and *Frank A. Bartela,* Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Plaintiffs-Appellants).

*Mike DeWine,* Ohio Attorney General, *Ryan L. Richardson,* Assistant Attorney General, *Zachery P. Keller,* Assistant Attorney General, and *Christine T. Mesirow,* Section Chief, Taxation, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants, Glenn and Jodi Cahill, appeal the dismissal of their Class Action Complaint, alleging violation of the Equal Protection Clauses of the Ohio and United States Constitutions, by the Lake County Court of Common Pleas. The issue before this court is whether R.C. 5747.08(E) unfairly discriminated against heterosexual couples by requiring them to file joint state income tax returns if they filed

joint federal returns but not imposing the same burden on homosexual couples. For the following reasons, we affirm the decision of the court below.

{¶2} On February 19, 2015, the Cahills filed a Class Action Complaint against the Ohio Tax Commissioner, Joseph W. Testa, in the Lake County Court of Common Pleas. The Cahills sought a declaration that R.C. 5747.08(E), requiring "husband and wife" couples to file joint state tax returns if they have filed joint federal income tax returns, is unconstitutional since the requirement did not apply to homosexual couples for the taxable year 2013. The Cahills alleged the disparate treatment of heterosexual Ohio couples violated the Equal Protection Clauses of Section 2, Article I of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

{¶3} The Cahills further sought certification of the Complaint as a class action pursuant to Rule 23 of the Ohio Rules of Civil Procedure and an order that the tax commissioner "disgorge to Plaintiffs and the class members all income taxes collected by the Defendant pursuant to the unconstitutional statute greater than the class member would owe upon filing a separate state return."[1]

{¶4} On March 30, 2015, the tax commissioner filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(1) ("Plaintiffs' attempt to seek a refund of their alleged tax overpayment must be resolved through the special proceedings to which these complex and specialized tax issues have been committed"), (3) ("Plaintiffs bring this litigation in the wrong venue, requiring dismissal of this action or, at a minimum, transfer to Franklin

---

1. The proposed class was defined as: Married couples who have filed Ohio income tax returns with a filing status of "Married, Filing Jointly" and where: (i) each spouse has a form W-2 that was filed with their Ohio return; (ii) the marginal tax rate applicable to the joint Ohio taxable income reflected on the Ohio return is one or more tax bracket levels above the marginal rate that would be applicable to the lowest of the two separate Adjusted Ohio Incomes of such spouses * * *; and (iii) the amount reflected on the Form W-2(s) of the spouse with the lowest W-2 income is an amount at least equal to $7,500 plus the aggregate dependency exemptions reflected on the joint Ohio return filed by the spouses.

2

County"), and (6) ("Plaintiffs lack standing to litigate the tax liability or assert the equal protection rights of same-sex couples, and they fail to state an equal protection claim based on their own treatment under Ohio's tax laws").

{¶5} On May 7, 2015, the Cahills filed their Brief in Opposition to the Tax Commissioner's Motion to Dismiss.

{¶6} On May 15, 2015, the tax commissioner filed a Reply in Support of Motion to Dismiss.

{¶7} On August 25, 2015, the trial court granted the Motion to Dismiss. The court concluded the Cahills failed to state a claim upon which relief could be granted:

> The Court * * * finds that Plaintiffs' actual issue is not with R.C. 5747.08(E) on its face, but with how it is applied to them in conjunction with Revenue Ruling 2013-17. In this ruling, the U.S. Department of the Treasury and the Internal Revenue Service stated that individuals of the same sex will be considered to be lawfully married under the tax code as long as they were married in a state whose laws authorize the marriage of two individuals of the same sex, even if they are domiciled in a state that does not recognize the validity of same-sex marriages. At the time of this ruling, Ohio did not recognize same-sex marriages and therefore did not and could not require same-sex couples to file their state taxes jointly. The statute therefore applied to all couples recognized as married in Ohio and did not discriminate against heterosexual married couples.

3

{¶8} On September 24, 2015, the Cahills filed their Notice of Appeal. On appeal they raise the following assignment of error:

{¶9} "[1.] The trial court erred in granting Defendant[']s motion to dismiss, rejecting Plaintiffs['] facial challenge to the constitutionality of R.C. 5747.08(E)."

{¶10} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995).

{¶11} An order granting a motion to dismiss for failure to state a claim upon which relief may be granted is "subject to de novo review." *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶12} The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Article I, Section 2 of the Ohio Constitution provides that "[g]overnment is instituted for [the] equal protection [of the people]." The Ohio Supreme Court holds that,

4

although "the Equal Protection Clauses of the United States Constitution and the Ohio Constitution are substantively equivalent, and * * * the same review is required, * * * the Ohio Constitution is a document of independent force." *State v. Mole*, __ Ohio St.3d __, 2016-Ohio-5124, __ N.E.3d __, ¶ 14.

{¶13} The determinative issue in this appeal is whether the Cahills could prevail on any possible theory that R.C. 5747.08(E) is facially invalid under equal protection principles. The statute provides: "If a husband and wife file a joint federal income tax return for a taxable year, they shall file a joint return under this section for that taxable year, and their liabilities are joint and several, but, if the federal income tax liability of either spouse is determined on a separate federal income tax return, they shall file separate returns under this section."

{¶14} The Cahills assert that R.C. 5747.08(E) is "facially discriminatory," because "[i]t specifically limits the obligation to file joint state income tax returns to *husband-and-wife* couples," while "[i]dentically situated same-sex couples who file joint federal tax returns are not subject to this mandate." Appellant's brief at 3.

{¶15} On its face, R.C. 5747.08(E) does not create any classifications at all but, rather, merely distinguishes between married and single persons. In this respect, the policy of requiring married couples to file jointly in Ohio if they did so on their federal returns was determined to not violate equal protection over forty years ago. *Tiefel v. Gilligan*, 40 Ohio App.2d 491, 502, 321 N.E.2d 247 (10th Dist.1974) (R.C. 5747.08(E) "clearly reveals an intention to minimize the cost of auditing returns and minimizing the evasion by tying state procedures to those employed by the federal authorities").

{¶16} The claim that, under Ohio law for the tax year 2013, there were "[i]dentically situated same-sex couples * * * not subject to this mandate" is patently false. At the times relevant to the Cahills' claims, Ohio law did not recognize same-sex marriage. Ohio law explicitly defined marriage as "[o]nly a union between one man and one woman." Ohio Constitution, Article XV, Section 11. Not only was marriage limited to husband-and-wife couples, but "[a]ny marriage between persons of the same sex [wa]s against the strong public policy of this state," and such marriage had "no legal force or effect." R.C. 3101.01(C)(1). In brief, there was no such thing as a "same-sex couple" in Ohio law, much less same-sex couples identically situated to the Cahills.[2]

{¶17} Alternatively, the Cahills attempt to argue that R.C. 5747.08(E) created two classes of Ohio taxpayers: husband-and-wife couples who file joint federal tax returns and same-sex couples who file joint federal tax returns. The husband-and-wife couples were denied equal protection because they had to file joint Ohio tax returns if they filed joint federal tax returns. Appellants' brief at 4. Framing this issue in these terms does not avail the Cahills.

{¶18} As the trial court correctly observed, the Cahills' "actual issue is not with R.C. 5747.08(E) on its face, but with how it is applied to them in conjunction with Revenue Ruling 2013-17." In fact, the Cahills' argument is incomprehensible without considering not only Revenue Ruling 2013-17, but also Ohio Information Release IT 2013-01, which provides that individuals having entered a same-sex marriage outside of Ohio "shall not use the filing status of 'married filing jointly' or 'married filing separately'

---

2. In part, the Cahills' argument depends on the imprecise use of the terms "husband-and-wife couples" and "same-sex couples." "Husband-and-wife couples" was a term that, during the times relevant to the Complaint, properly denominated legally married persons, whereas the term "same-sex couples" could refer to nothing more than informal unions. There was no real equivalency between the terms.

6

when filing Form IT 1040," but "must instead * * * [u]se the filing status of 'single' or, if qualified, 'head of household'." It cannot be fairly said that any disparate treatment that husband-and-wife couples received under Ohio in comparison with same-sex couples was caused by R.C. 5747.08(E).

{¶19} Even assuming, arguendo, that such a classification as suggested by the Cahills was tenable, there would be no equal protection violation. Since the class of husband-and-wife Ohio taxpayers who file joint federal tax returns does not involve a fundamental right or suspect class of persons, the classification is subject to the rational-basis test. "Under this test, a challenged statute will be upheld if the classifications it creates bear a rational relationship to a legitimate government interest or are grounded on a reasonable justification, even if the classifications are not precise." *Groch v. GMC*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 82; *Mole*, __ Ohio St.3d __, 2016-Ohio-5124, __ N.E.3d __, at ¶ 28 ("the Equal Protection Clause requires that 'in defining a class subject to legislation, the distinctions that are drawn have "some relevance to the purpose for which the classification is made"'") (citations omitted).

{¶20} The disparate legal standing of husband-and-wife couples and same-sex couples under Ohio law in 2013 was rationally related to the government policy that the filing status of "married filing jointly" only be applied to married couples. Same-sex couples may have been able to file joint federal returns, but they were not recognized as married. Thus, there was a reasonable justification for the classification or disparate treatment.

{¶21} The sole assignment of error is without merit.

**{¶22}** For the foregoing reasons, the Judgment of the Lake County Court of Common Pleas, dismissing the Cahills' Class Action Complaint, is affirmed. Costs to be taxed against the plaintiffs.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶23}** I respectfully dissent.

**{¶24}** Appellants challenge the trial court's granting of appellee's motion to dismiss. This court's review of a dismissal under Civ.R. 12(B)(6) is de novo. *West v. Sheets*, 11th Dist. Lake No. 2001-L-183, 2002-Ohio-7143, ¶9, citing *Mitchell v. Speedy Car X, Inc.*, 127 Ohio App.3d 229, 231 (9th Dist.1998).

**{¶25}** Appellants, through a class action complaint, facially challenge the constitutionality of R.C. 5747.08(E), "Taxation" and "Income Tax," alleging that heterosexual couples like themselves that file joint federal income tax returns are treated in a disparate manner than their same-sex couple counterparts simply because they are "husband and wife." Appellee has argued issues involving improper venue, lack of standing, and that appellants' alleged tax overpayment must be resolved through special proceedings.

8

**{¶26}** This writer notes that a party raising non-constitutional claims must exhaust any applicable administrative remedies but the "failure to exhaust administrative remedies is not a prerequisite to an action raising a constitutional challenge to agency action." *San Allen v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, ¶72, citing *Roosevelt Properties Co. v. Kinney*, 12 Ohio St.3d 7, 8 (1984); *Herrick v. Kosydar*, 44 Ohio St.2d 128, 130 (1975); *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, paragraph two of the syllabus (1975); *Silverberg v. State Bd. of Pharmacy*, 8th Dist. Cuyahoga No. 51777, 1987 Ohio App. LEXIS 6905, *6-8 (Apr. 2, 1987).

**{¶27}** This writer also notes that the Ohio General Assembly in 1975, pursuant to its authority under Article I Section 16 of the Ohio Constitution enacted R.C. Chapter 2743 establishing the Court of Claims in which the state could be sued for money damages and the immunity of state employees could be determined. Generally, the Court of Claims is vested with original jurisdiction to hear and determine all civil lawsuits for money damages filed against the state. However, the Court of Claims does not have jurisdiction to hear claims alleging constitutional and civil rights violations. Such claims can only be brought against individuals and the state is not a person as defined in 42 U.S.C. 1983. *See, e.g., Burkey v. S. Ohio Corr. Facility*, 38 Ohio App.3d 170 (10th Dist.1988).

**{¶28}** With that said, because appellants raise a constitutional claim, they were not required to exhaust administrative remedies as a prerequisite to their action. *Buehrer, supra*, at ¶72. Appellants were not required to file with the Board of Tax Appeals. *See Global Knowledge Training, LLC v. Levin*, 127 Ohio St.3d 34, 2010-Ohio-

9

4411, ¶16 ("'Board of Tax Appeals is an administrative agency, a creature of statute, and is without jurisdiction to determine the constitutional validity of a statute.'") Thus, appellants were not required to exhaust administrative remedies when asserting constitutional claims that an administrative agency could not address. Accordingly, jurisdiction was proper in the Lake County Court of Common Pleas, where appellants filed and paid their state of Ohio taxes. Appellants have standing to assert their claim as they have revealed an injury due to the application of R.C. 5747.08(E), which required them to pay an additional $313 in state income taxes for the 2013 tax year.

{¶29} "'It is well settled that an enactment of the General Assembly is entitled to a strong presumption of constitutionality.' *State v. Cowan*, 103 Ohio St.3d 144, 2004-Ohio-4777, ¶7 * * *. 'Therefore, challenged legislation will not be invalidated unless the challenger establishes the unconstitutional nature of the statute beyond a reasonable doubt.' *Cowan, supra*.

{¶30} "There are two different ways of challenging a statute on constitutional grounds: 1) by arguing that it is unconstitutional on its face, or 2) by arguing that it is unconstitutional as applied to a particular set of facts. *Cleveland Gear Co. v. Limbach*, 35 Ohio St.3d 229, 231 * * * (1988). 'An as applied challenge asserts that a statute is unconstitutional as applied to the challenger's particular conduct.' *Kruppa v. Warren*, 11th Dist. Trumbull No. 2009-T-0017, 2009-Ohio-4927, ¶12. In contrast, a facial challenge asserts the statute is unconstitutional in 'all of its applications.' *Id.*" *Bacak v. Trumbull Cnty. Bd. of Commrs.*, 11th Dist. Trumbull No. 2015-T-0029, 2016-Ohio-4737, ¶31-32.

10

{¶31} For over four decades, R.C. 5747.08(E) has required all couples recognized as married under Ohio law to file joint state tax returns if they elect to file joint federal tax returns. Appellants mainly allege that same-sex couples are not subject to the same statutory requirement as heterosexual couples. As a result, appellants stress that husband-and-wife couples who file joint federal tax returns must also file joint state tax returns but same-sex couples do not have to. Appellants couch their claims in terms of purported differential treatment under the statute to a time period from October 2013 until June 2015. Appellants are also seeking a tax refund for claimed overpayment, i.e., alleging that they could have saved $313 for the 2013 tax year by filing a joint federal tax return and a separate Ohio tax return.

{¶32} R.C. 5747.08(E) states: "If a husband and wife file a joint federal income tax return for a taxable year, they shall file a joint return under this section for that taxable year, and their liabilities are joint and several, but, if the federal income tax liability of either spouse is determined on a separate federal income tax return, they shall file separate returns under this section."

{¶33} A "husband" is defined as "[a] married *man*; a *man* who has a lawful wife living." (Emphasis added.) Black's Law Dictionary (7th Ed.2000) 595. A "wife" is defined as "[a] woman who has a husband liv[ing] and undivorced." (Emphasis added.) http://thelawdictionary.org/wife

{¶34} Thus, the "husband and wife" language contained in R.C. 5747.08(E) is gender specific and only applies to heterosexual married couples as the "husband" designation refers to a man and the "wife" designation refers to a woman. The "husband and wife" language creates a disparity as marriage is not relevant to the

11

statute's intended purpose. Rather, the purpose of the statute is for taxpayers to file in the same manner, i.e., if they file a joint federal income tax return they must file a joint state income tax return. Stated differently, the purpose of the statute is to ensure that there would not be different filing statuses between federal and state filers.

{¶35} At the time R.C. 5747.08(E) was drafted, marriage was limited in all states to heterosexual couples. The label "husband and wife" captured all married couples in any jurisdiction. Beginning in 2003, some states began recognizing same-sex marriages. However, most states, including Ohio, did not.

{¶36} In 2013, the IRS issued Revenue Ruling 2013-17 which analyzed the impact of the United States Supreme Court's decision in *United States v. Windsor*, 133 S.Ct. 2675 (2013) regarding the Defense of Marriage Act (DOMA). DOMA's definition of marriage in the United States as between a man and a woman was found to be unconstitutional. As a result, the IRS allowed same-sex couples who were legally married in a state that granted same-sex marriage to file jointly on their federal return. However, because Ohio did not recognize same-sex marriage, it required same-sex couples legally married in another state to file state tax returns as separate individuals. Thus, some same-sex couples in Ohio, legally married in another state but not recognized as married here, paid less in state income tax than their heterosexual counterparts.

{¶37} Revenue Ruling 2013-17 changed the federal government's joint-filing policy allowing a same-sex couple married under the laws of any state to file a joint federal tax return regardless of the marriage laws of the couple's home state. Specifically, Ruling 2013-17, stated:

12

{¶38} "For Federal tax purposes, the Service adopts a general rule recognizing a marriage of same-sex individuals that was validly entered into in a state whose laws authorize the marriage of two individuals of the same sex even if the married couple is domiciled in a state that does not recognize the validity of same-sex marriages."

{¶39} To address any potential confusion regarding Ohio tax return filings, due to the federal instructions of Revenue Ruling 2013-17, appellee issued an information release on October 11, 2013. The release, IT 2013-01, clarified that the IRS's federal directive did not change the manner in which same-sex couples within Ohio filed state tax returns. It explained that because Ohio's marriage laws did not recognize marriage between persons of the same gender, same-sex couples were to continue filing separate state tax returns even if the federal government permitted them to file jointly for federal purposes.

{¶40} Thus, since Ohio did not recognize legal marriages of same-sex couples, they were considered single when filing taxes in Ohio which forced them to file taxes individually rather than jointly. In turn, it gave a tax benefit to married same-sex couples that married heterosexual couples were not permitted to receive. The tax benefit for same-sex couples was that they did not pay the so-called "marriage penalty," i.e., the higher tax rate paid by married heterosexual couples as opposed to single taxpayers.

{¶41} Ohio's refusal to allow joint returns from same-sex couples meant that a married same-sex couple would pay less in state taxes than a heterosexual married couple with the exact same income and deductions. Ohio's tax rules during the period at issue treated legally married heterosexual couples unequally and it gave these same couples a tax penalty that same-sex married couples did not receive. As recognized

13

and administered, Revenue Ruling 2013-17 created the disparate treatment raised and argued by appellants, a heterosexual married couple. Furthermore, it violated the intent of R.C. 5747.08(E) regarding the underlying filing status between federal and state returns.

{¶42} Finally, on June 26, 2015, the United States Supreme Court decided *Obergefell v. Hodges*, 135 S.Ct. 2584, holding that the United States Constitution requires states to license and recognize same-sex marriages. That same date, the Ohio Supreme Court issued *In re Admin. Actions*, 142 Ohio St.3d 1522, holding that "[i]t is ordered, effective immediately, * * * that all references to husband, wife, father, mother, parent, spouse * * * be construed as gender neutral where appropriate to comply with the decision of the United States Supreme Court in *Obergefell v. Hodges*[.]" Thereafter, on July 2, 2015, appellee issued a new information release, IT 2015-01, which rescinded IT 2013-01 and indicated that Ohio will interpret statutory references to "husband and wife" to include "individuals lawfully married in any jurisdiction."

{¶43} In light of *Obergefell*, Ohio interprets R.C. 5747.08(E)'s statutory references to "husband and wife" to include "individuals lawfully married in any jurisdiction." *See* IT 2015-01. Therefore, all married taxpayers in Ohio, whether heterosexual or same-sex, must comply with the return matching requirement going forward.

{¶44} As stated, during the time frame at issue, October 2013 to June 2015, Ohio did not recognize same-sex marriages and, thus, did not require same-sex couples to file their state taxes jointly. Appellants were similarly situated to the same-

14

sex couples to whom they compare themselves. During that time period, appellants were recognized as married under Ohio law but same-sex couples were not.

{¶45} Appellee claims that R.C. 5747.08(E) has always applied, and continues to apply, to all married couples under Ohio law. However, this does not insulate it from liability. This case is not about the denial of benefits to same-sex couples. The issue here is not whether all persons who were recognized as married under Ohio law were treated equally. Rather, the issue is whether all taxpayers who file joint federal tax returns were treated equally. For purposes of an equal protection analysis, appellants are alike in all relevant respects to all Ohio taxpayers regardless of sexual orientation who filed a joint federal income tax return.

{¶46} In a limited respect which is not at issue here, R.C. 5747.08(E) was held constitutional over 40 years ago. In its decision granting appellee's motion to dismiss, the trial court noted and relied on the fact that the constitutionality of R.C. 5747.08(E) was upheld in *Tiefel v. Gilligan*, 40 Ohio App.2d 491 (10th Dist.1974). However, *Tiefel* involved single taxpayers and married husband-and-wife couples, who by their definition, their filing status was the same in both federal and state tax filings. *Tiefel* did not involve same-sex couples like the case at bar. *Tiefel* addressed equal protection in the context of different classes of persons, i.e., filers of joint federal returns compared the filers of individual tax returns. *Tiefel* did not address the specific issue raised in this case: whether the government is permitted to treat members of a single class of filers of joint federal income tax returns in a disparate manner simply because they are husband and wife. Thus, the trial court's reliance on *Tiefel* is misplaced.

15

**{¶47}** R.C. 5747.08(E) only applies to heterosexual married couples who file joint federal returns, not same-sex married couples who file joint federal returns. This is the basis for appellants' constitutional challenge, i.e., that R.C. 5747.08(E) is unconstitutional on its face because it penalizes heterosexual husband-and-wife couples and treats them differently than same-sex couples. In its August 25, 2015 judgment entry, the trial court rejected appellants' facial challenge to the constitutionality of R.C. 5747.08(E), finding that appellants' "actual issue is not with R.C. 5747.08(E) on its face, but with how it is applied *to them* in conjunction with Revenue Ruling 2013-17." (Emphasis added.) I disagree.

**{¶48}** With respect to the time period at issue, this writer finds that R.C. 5747.08(E) is unconstitutional on its face because it penalizes heterosexual husband-and-wife married couples and treats them differently than same-sex couples. Heterosexual couples, like appellants, that file joint federal income tax returns are treated in a disparate manner than their same-sex couple counterparts simply because they are "husband" (man) and "wife" (woman). Because the statute is gender specific, it effectively punishes heterosexual married couples. Accordingly, because appellants have stated a claim upon which relief can be granted, the trial court erred in dismissing their complaint and granting appellee's motion to dismiss.

**{¶49}** For the foregoing reasons, this writer finds appellants' sole assignment of error well-taken. Because I would reverse the judgment of the Lake County Court of Common Pleas and remand the matter for further proceedings, I respectfully dissent.